## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF DELAWARE

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY 223 West Nash Street Wilson, NC 27893 | \* \* \* \* \* Civil Action No. _____ |
| Plaintiff | \* \* |
| v. | \* \* |
| BLUESKY BRANDS, INC. 214 Lincoln Street Suite 402 Allston, MA 02134 | \* \* \* \* \* |
| Serve On: Corporation Service Company, Registered Agent 2711 Centerville Road, Suite 400 Wilmington, DE 19808 | \* \* \* \* \* \* |
| Defendant. | \* \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiff, Branch Banking and Trust Company (the "Plaintiff"), by Louis J. Ebert of

Thomas & Libowitz, P.A., its attorneys, sues the Defendant, Bluesky Brands, Inc.

("Bluesky"), and for its cause of action states as follows:

## PARTIES AND JURISDICTION

1.      The Plaintiff is a banking corporation formed under the laws of the State of

North Carolina with its principal place of business in the State of North Carolina.

2.      Bluesky is a corporation formed under the laws of the State of Delaware

with its principal place of business in the Commonwealth of Massachusetts.

3.      The amount in controversy, exclusive of interest and costs, exceeds

Seventy-Five Thousand Dollars ($75,000.00).

## CLAIM FOR RELIEF

4.      The Plaintiff extended a revolving line of credit (the "Line of Credit") in the maximum principal amount outstanding at any one time of Three Million Five Hundred Thousand Dollars ($3,500,000.00) to AB&C Group, Inc. (the "Borrower"), a Virginia corporation with its principal place of business in Martinsburg, West Virginia, pursuant to a Promissory Note dated October 10, 2006 (the "Note"), and various documents relating thereto or executed in connection therewith (collectively, the "Loan Documents").  A true and accurate copy of the Note is attached hereto as Exhibit A and incorporated by reference herein.

5.      The terms of the Line of Credit were subsequently modified by Note Modification Agreements dated:  (a) April 15, 2007 ("April Extension"); (b) July 17, 2007 ("July Extension"); (c) December 19, 2007 ("December Extension"); and (d) February 14, 2008 ("February Extension").  A true and accurate copy of the April Extension Agreement is attached hereto as Exhibit B and incorporated by reference herein.  A true and accurate copy of the July Extension is attached hereto as Exhibit C and incorporated by reference herein.  A true and accurate copy of the December Extension is attached hereto as Exhibit D and incorporated by reference herein.  A true and accurate copy of the February Extension is attached hereto as Exhibit E and incorporated by reference herein.

6.      Bluesky unconditionally guaranteed payment and performance of the Borrower's obligations to the Plaintiff under the Line of Credit by executing and delivering to the Plaintiff a Guaranty Agreement dated October 10, 2006 (the

2

"Guaranty"). A true and accurate copy of the Guaranty is attached hereto as Exhibit F and incorporated by reference herein.

7.    The Borrower defaulted under the Loan Documents by failing to make payments when and as due thereunder and by allowing an order for relief under Chapter 7 of the <u>United States Bankruptcy Code</u> to be entered against it by default by the United States Bankruptcy Court for the Northern District of West Virginia.

8.    By letter dated June 6, 2008 (the "Demand Letter"), the Plaintiff demanded that Bluesky satisfy its obligations to the Plaintiff under the Guaranty on or before June 13, 2008. A true and accurate copy of the Guaranty is attached hereto as Exhibit G and incorporated by reference herein.

9.    Despite the Plaintiff's demand for payment in the Demand Letter, Bluesky has refused and continues to refuse to satisfy its obligations to the Plaintiff under the Guaranty.

10.    As of June 18, 2008, the balance outstanding under the Loan Documents and the Guaranty, exclusive of attorneys' fees and expenses, is One Million Five Hundred Sixteen Thousand Four Hundred Ninety-Five Dollars and Ten Cents ($1,516,495.10), consisting of principal of One Million Four Hundred Sixty-Three Thousand One Hundred Seventy-Five Dollars and Fifteen Cents ($1,463,175.15), late fees of Two Thousand Eight Hundred Fifty Dollars and Sixty-Six Cents ($2,850.66), and accrued and unpaid interest of Fifty Thousand Four Hundred Sixty-Nine Dollars and Twenty-Nine Cents ($50,469.29). Interest accrues on the unpaid principal balance at the rate of One Hundred Ninety-Three Dollars and Five Cents ($193.05) per day after June 18, 2008.

11.    In Section _____ of the Guaranty, Bluesky agreed that in the event that it defaulted under the Guaranty and the Plaintiff believed it "necessary to employ an attorney to assist in the enforcement or collection of the indebtedness of [Bluesky]" to the Plaintiff, Bluesky would "pay the reasonable attorneys' fees of the [Plaintiff] and all related costs of collection or enforcement that may be incurred by the [Plaintiff]."

WHEREFORE, Plaintiff demands judgment against Bluesky in the amount of One Million Five Hundred Sixteen Thousand Four Hundred Ninety-Five Dollars and Ten Cents ($1,516,495.10), pre-judgment interest at the rate of One Hundred Ninety-Three Dollars and Five Cents ($193.05) per day after June 18, 2008 to the date of entry of judgment, post-judgment interest, reasonable attorneys' fees and expenses, and costs.

THOMAS & LIBOWITZ, P.A.

Louis J. Ebert, Esquire
Bar No. 4625
1105 Market Street
Suite 300
Wilmington, DE  19801
Phone:  302-261-2419

and

100 Light Street
Suite 1100
Baltimore, MD  21202
Phone:  443-927-2116
Fax:  410-752-2046

Attorneys for Plaintiff

Dated:  June 20, 2008

4

Borrower: AB & C GROUP, INC.

Account Number: 9570257851

Address: 1 EXECUTIVE WAY

RANSON, WV 25438-1069

Note Number: 00001

**BB&T**

MARTINSBURG , West Virginia

Date: October 10, 2006

## PROMISSORY NOTE

THE UNDERSIGNED REPRESENTS THAT THE LOAN EVIDENCED HEREBY IS BEING OBTAINED FOR BUSINESS/COMMERCIAL PURPOSES. For value received, the undersigned, jointly and severally, if more than one, promises to pay to BRANCH BANKING AND TRUST COMPANY, a North Carolina banking corporation (the "Bank"), or order, at any of Bank's offices in the above referenced city (or such other place or places that may be hereafter designated by Bank), the sum of

THREE MILLION FIVE HUNDRED THOUSAND DOLLARS & 00/100

Dollars ($ 3,500,000.00 ), in immediately available coin or currency of the United States of America.

☐ Borrower shall pay a prepayment penalty as set forth in the Prepayment Penalty Addendum attached hereto.

Interest shall accrue from the date hereof on the unpaid principal balance outstanding from time to time at the:

☐ Fixed rate of _____ % per annum.

☒ Variable rate of the Bank's Prime Rate plus -0.250 % per annum to be adjusted Daily as the Bank's Prime Rate changes. If checked here ☐ , the interest rate will not exceed a(n) ☐ fixed ☐ average maximum rate of _____ % or a ☐ floating maximum rate of the greater of _____ % or the Bank's Prime Rate; and the interest rate will not decrease below a fixed minimum rate of _____ %. If an average maximum rate is specified, a determination of any required reimbursement of interest by Bank will be made: ☐ when Note is repaid in full by Borrower ☐ annually beginning on _____

☐ Fixed rate of _____ % per annum through _____ which automatically converts to a _____ to a variable rate equal to the Bank's Prime Rate plus _____ % per annum which shall be adjusted _____ as such Prime Rate changes.

☐ _____ .

Principal and interest are payable as follows

☒ Principal (plus any accrued interest not otherwise scheduled herein) ⎫
☐ Principal plus accrued interest                                       ⎬ is due in full at maturity on  04/15/2007 .
☐ Payable in consecutive _____ installments of ☐ Principal ⎫
                                                     ☐ Principal and Interest ⎬ commencing on _____
and continued on the same day of each calendar period thereafter, in _____ equal payments of $_____ , with one final payment of all remaining principal and accrued interest due on _____

☐ ChoiceLine Payment Option: 2% of outstanding balance is payable monthly commencing on _____ and continuing on the same day of each calendar period thereafter, with one final payment of all remaining principal and accrued interest due on _____

☒ Accrued interest is payable Monthly commencing on November 15, 2006 and continuing on the same day of each calendar period thereafter, with one final payment of all remaining interest due on April 15, 2007 .

☐ Bank reserves the right in its sole discretion to adjust the fixed payment due hereunder _____ on _____ and continuing on the same day of each calendar period thereafter, in order to maintain an amortization period of no more than _____ months from the date of this Note. Borrower understands the payment may increase if interest rates increase.

☐ Prior to an event of default, Borrower may borrow, repay, and reborrow hereunder pursuant to the terms of the Loan Agreement, hereinafter defined.

☐ Borrower hereby authorizes Bank to automatically draft from its demand deposit or savings account(s) with Bank or other bank, any payment(s) due under this Note on the date(s) due. Borrower shall provide appropriate account number(s) for account(s) at Bank or other bank.

Borrower agrees that the only interest charge is the interest actually stated in this Note, and that any loan or origination fees shall be deemed charges rather than interest, which charges are fully earned and non-refundable. It is further agreed that any late charges are not a charge for the use of money but are imposed to compensate Bank for some of the administrative services, costs and losses associated with any delinquency or default under this instrument, and said charges shall be fully earned and non-refundable when accrued. All other charges imposed by Bank upon Borrower in connection with this instrument and the loan including, without limitation, any commitment fees, loan fees, facility fees, origination fees, discount points, default and late charges, prepayment fees, statutory attorney's fees and reimbursements for costs and expenses paid by Bank to third parties or for damages incurred by Bank are and shall be deemed to be charges made to compensate Bank for underwriting and administrative services and costs, other services, and costs or losses incurred by Bank in connection with this instrument and the Loan shall under no circumstances be deemed to be charges for the use of money. All such charges shall be fully earned and non-refundable when due.

The undersigned shall pay to Bank a late fee in the amount of five percent (5%) of any installment past due for ten (10) or more days. When any installment payment is past due for ten (10) or more days, subsequent payments shall first be applied to the past due balance. In addition, the undersigned shall pay to Bank a returned payment fee if the undersigned or any other obligor hereon makes any payment at any time by check or other instrument, or by any electronic means, which is returned to Bank because of nonpayment due to nonsufficient funds.

All interest shall be computed and charged for the actual number of days elapsed on the basis of a year consisting of three hundred sixty (360) days. In the event periodic accruals of interest shall exceed any periodic fixed payment amount described above, the fixed payment amount shall be immediately increased, or additional supplemental interest payments required on the same periodic basis as specified above (increased fixed payments or supplemental payments to be determined in the Bank's sole discretion), in such amounts and at such times as shall be necessary to pay all accruals of interest for the period and all accruals of unpaid interest from previous periods. Such adjustments to the fixed payment amount or supplemental payments shall remain in effect for so long as the interest accruals shall exceed the original fixed payment amount and shall be further adjusted upward or downward to reflect changes in the variable interest rate; provided that unless elected otherwise above, the fixed payment amount shall not be reduced below the original fixed payment amount. However, Bank shall have the right, in its sole discretion, to lower the fixed payment amount below the original payment amount. This note ("NOTE") is given by the undersigned in connection with the following agreements (if any) between the undersigned and the Bank:

Deed(s) of Trust granted in favor of Bank as beneficiary / mortgagee:

☐ dated _____ in the maximum principal amount of $_____
granted by _____

☐ dated _____ in the maximum principal amount of $_____
granted by _____



**ACCOUNT# / NOTE#**
9570257851    00001

[X] dated __10/10/2006_____ — given by __AB & C GROUP, INC.__ —

_____

[ ] dated _____ given by _____

_____

[ ] Securities Account Pledge and Security Agreement dated _____ , executed by

_____

[ ] Control Agreement(s) dated _____ , covering   [ ] Deposit Account(s)   [ ] Investment Property
                                                                        [ ] Letter of Credit Rights   [ ] Electronic Chattel Paper

[ ] Assignment of Certificate of Deposit, Security Agreement, and Power of Attorney (for Certificated Certificates of Deposit) dated _____
_____ , executed by _____

[ ] Pledge and Security Agreement for Publicly Traded Certificated Securities dated _____ , executed
by _____

[ ] Assignment of Life Insurance Policy as Collateral dated _____ , executed by

[X] Loan Agreement dated _____10/10/2006_____ , executed by Borrower and [X] Guarantor(s).

[X] Guaranty Agreement dated 10/10/2006, executed by Bluesky Brands, Inc.

[ ] _____
_____

All of the terms, conditions and covenants of the above described agreements (the "Agreements") are expressly made a part of this Note by reference in the same manner and with the same effect as if set forth herein at length and any holder of this Note is entitled to the benefits of and remedies provided in the Agreements and any other agreements by and between the undersigned and the Bank.

No delay or omission on the part of the holder in exercising any right hereunder shall operate as a waiver of such right or of any other right of such holder, nor shall any delay, omission or waiver on any one occasion be deemed a bar to or waiver of the same or of any other right on any future occasion. Every one of the undersigned and every endorser or guarantor of this note regardless of the time, order or place of signing waives presentment, demand, protest and notices of every kind and assents to any one or more extensions or postponements of the time of payment or any other indulgences, to any substitutions, exchanges or releases of collateral if at any time there be available to the holder collateral for this note, and to the additions or releases of any other parties or persons primarily or secondarily liable.

The failure to pay any part of the principal or interest when due on this Note or to fully perform any covenant, obligation or warranty on this or on any other liability to the Bank by any one or more of the undersigned, by any affiliate of the undersigned (said affiliate, guarantor, and surety are herein called Obligor); or if any financial statement or other representation made to the Bank by any of the undersigned or any Obligor shall be found to be materially incorrect or incomplete; or if any of the undersigned shall fail to furnish information to the Bank sufficient to verify the identity of the undersigned as required under the USA Patriot Act; or in the event of a default pursuant to any of the Agreements or any other obligation of any of the undersigned or any Obligor in favor of the Bank; or in the event the Bank demands that the undersigned secure or provide additional security for its obligations under this Note and security deemed adequate and sufficient by the Bank is not given when demanded; or in the event one or more of the undersigned or any Obligor shall die, terminate its existence, allow the appointment of a receiver for any part of its property, make an assignment for the benefit of creditors, or where a proceeding under bankruptcy or insolvency laws is initiated by or against any of the undersigned or any Obligor; or in the event the Bank should otherwise deem itself, its security interest, or any collateral unsafe or insecure; or should the Bank in good faith believe that the prospect of payment or other performance is impaired; or if there is an attachment, execution, or other judicial seizure of all or any portion of the Borrower's or any Obligor's assets, including an action or proceeding to seize any funds on deposit with the Bank, and such seizure is not discharged within 20 days; or if final judgment for the payment of money shall be rendered against the Borrower or any Obligor which is not covered by insurance or debt cancellation and shall remain undischarged for a period of 30 days unless such judgment or execution thereon is effectively stayed; or the termination of any guaranty agreement given in connection with this Note, then any one of the same shall be a material default hereunder and this Note and other debts due the Bank by any one or more of undersigned shall immediately become due and payable without notice, at the option of the Bank. From and after any event of default hereunder, interest shall accrue on the sum of the principal balance and accrued interest then outstanding at the variable rate equal to the Bank's Prime Rate plus 5% per annum ("Default Rate"), provided that such rate shall not exceed at any time the highest rate of interest permitted by the laws of the State of West Virginia; and further provided that such rate shall apply after judgement. In the event of any default, the then remaining unpaid principal amount and accrued but unpaid interest then outstanding shall bear interest at the Default Rate called for hereunder until such principal and interest have been paid in full. In addition, upon default, the Bank may pursue its full legal remedies at law or equity, and the balance due hereunder may be charged against any obligation of the Bank to any party including any Obligor. Bank shall not be obligated to accept any check, money order, or other payment instrument marked "payment in full" on any disputed amount due hereunder, and Bank expressly reserves the right to reject all such payment instruments. Borrower agrees that tender of its check or other payment instrument so marked will not satisfy or discharge its obligation under this Note, disputed or otherwise, even if such check or payment instrument is inadvertently processed by Bank unless in fact such payment is in fact sufficient to pay the amount due hereunder.

WAIVER OF TRIAL BY JURY. UNLESS EXPRESSLY PROHIBITED BY APPLICABLE LAW, THE UNDERSIGNED HEREBY WAIVE THE RIGHT TO TRIAL BY JURY OF ANY MATTERS OR CLAIMS ARISING OUT OF THIS NOTE OR ANY LOAN DOCUMENT EXECUTED IN CONNECTION HEREWITH OR OUT OF THE CONDUCT OF THE RELATIONSHIP BETWEEN THE UNDERSIGNED AND BANK. THIS PROVISION IS A MATERIAL INDUCEMENT FOR BANK TO MAKE THE LOAN EVIDENCED BY THIS NOTE. FURTHER, THE UNDERSIGNED HEREBY CERTIFY THAT NO REPRESENTATIVE OR AGENT OF BANK, NOR BANK'S COUNSEL, HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT BANK WOULD NOT SEEK TO ENFORCE THIS WAIVER OR RIGHT TO JURY TRIAL PROVISION IN THE EVENT OF LITIGATION. NO REPRESENTATIVE OR AGENT OF BANK, NOR BANK'S COUNSEL, HAS THE AUTHORITY TO WAIVE, CONDITION OR MODIFY THIS PROVISION.

Unless otherwise required under a Loan Agreement, if applicable, as long as any indebtedness evidenced by this Note remains outstanding or as long as Bank remains obligated to make advances, the undersigned shall furnish annually an updated financial statement in a form satisfactory to Bank, which, when delivered shall be the property of the Bank.

The term "Prime Rate," if used herein, means the rate of interest per annum announced by the Bank from time to time and adopted as its Prime Rate, which is one of several rate indexes employed by the Bank when extending credit. Any change in the interest rate resulting from a change in the Bank's Prime Rate shall become effective as of the opening of business on the effective date of the change. If this Note is placed with an attorney for collection, the undersigned agrees to pay, in addition to principal and interest, all costs of collection, including but not limited to reasonable attorneys' fees incurred by the Bank , if permitted by law . All obligations of the undersigned and of any Obligor shall bind his heirs, executors, administrators, successors, and/or assigns. Use of the masculine pronoun herein shall include the feminine and the neuter, and also the plural. If more than one party shall execute this Note, the term "undersigned" as used herein shall mean all the parties signing this Note and each of them, and all such parties shall be jointly and severally obligated hereunder. Wherever possible, each provision of this Note shall be interpreted in such a manner to be effective and valid under applicable law, but if any provision of this Note shall be prohibited by or invalid under such law, such provision shall be ineffective but only to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Note. All of the undersigned hereby waive all exemptions and homestead laws. The proceeds of the loan evidenced by this Note may be paid to any one or more of the undersigned.

From time to time the maturity date of this Note may be extended, or this Note may be renewed in whole or in part, or a new note of different form may be substituted for this Note; or the rate of interest may be modified, or changes may be made in consideration of loan extensions, and the holder hereof, from time to time may waive or surrender, either in whole or in part any rights, guaranties, security interests, or liens, given for the benefit of the holder in connection with the payment and the securing the payment of this Note; but no such occurrence shall in any manner affect, limit, modify, or otherwise impair any rights, guaranties or security of the holder not specifically waived, released, or surrendered in writing, nor shall the undersigned makers, or any guarantor, endorser, or any person who is or might be liable hereon, either primarily or contingently, be released from such event. The holder hereof, from time to time, shall have the unlimited right to release any person who might be liable hereon, and such release shall not affect or discharge the liability of any other person who is or might be liable hereon. No waivers and modifications shall be valid unless in writing and signed by the Bank. The Bank may, at its option, charge fees for the modification, renewal, extension, or amendment of any of the terms of the Note and/or the Agreements. In case of a conflict between the terms of this Note and the Loan Agreement executed by the undersigned in connection herewith, the priority of controlling terms shall be first this Note, then the Loan Agreement. This Note shall be governed by and construed in accordance with the laws of West Virginia.

## (SIGNATURES ON FOLLOWING PAGE)

# BB&T

## PROMISSORY NOTE SIGNATURE PAGE

Borrower: AB & C GROUP, INC.

Account Number:  9570257851

Note Amount: $ 3,500,000.00

Note Number:  00001

Date:  10/10/2006

**Notice of Right to Copy of Appraisal:** If a 1-4 family residential dwelling is pledged as collateral for this Note, you, the undersigned, have a right to a copy of the real estate appraisal report used in connection with your application for credit. If you wish to receive a copy, please notify in writing the branch office where you applied for credit. You must forward your request to the Bank no later than 90 days after the date of this Note. In your request letter, please provide your name, mailing address, appraised property address, the date of this Note, and the Account and Note Numbers shown on the front of this Note.

IN WITNESS WHEREOF, the undersigned, on the day and year first written above, has caused this note to be executed.

### If Borrower is a Corporation:

WITNESS: _____

AB & C GROUP, INC.
NAME OF CORPORATION

By: _____

Title:  Ruijia Wex    Chief Financial Officer

By: _____

Title: _____

### If Borrower is a Partnership, Limited Liability Company, or Limited Liability Partnership:

NAME OF PARTNERSHIP, LLC, OR LLP

By: _____
GENERAL PARTNER OR MANAGER

By: _____
GENERAL PARTNER OR MANAGER

By: _____
GENERAL PARTNER OR MANAGER

### If Borrower is an Individual

WITNESS: _____

### Additional Co-makers

WITNESS: _____

Maker  **AB & C GROUP INC**

Address  **J EXECUTIVE WAY**

**RANSON, WV 25438-1069**

9570257851
Customer Number

00001
Note Number

# BB&T

## NOTE MODIFICATION AGREEMENT

| $ 3,500,000.00 | 10/10/2006 | $ 1,653,582.00 | 04/15/2007 |
|---|---|---|---|
| Original Amount of Note | Original Date | Modification Amount | Modification Date |

This Note Modification Agreement (hereinafter Agreement) is made and entered into this ___15th___ day of ___April, 2007___, by and between **AB & C GROUP INC**, maker(s), co-maker(s), endorser(s), or other obligor(s) on the Promissory Note (as defined below), hereinafter also referred to jointly and severally as Borrower(s); Branch Banking and Trust Company of North Carolina, a banking corporation, hereinafter referred to as Bank; and _____

owners other than Borrower(s) (if any) of any property pledged to secure performance of Borrower(s)'s obligations to Bank, hereinafter referred to jointly and severally as Debtor(s)/Grantor(s).

Witnesseth: Whereas, Borrower(s) has previously executed a Promissory Note payable to Bank, which Promissory Note includes the original Promissory Note and all renewals, extensions and modifications thereof, collectively "Promissory Note", said Promissory Note being more particularly identified by description of the original note above; and Borrower(s) and Bank agree that said Promissory Note be modified only to the limited extent as is hereinafter set forth; that all other terms, conditions, and covenants of said Promissory Note remain in full force and effect, and that all other obligations and covenants of Borrower(s), except as herein modified, shall remain in full force and effect, and binding between Borrower(s) and Bank; and Whereas Debtor(s)/Grantor(s), if different from Borrower(s), has agreed to the terms of this modification; NOW THEREFORE, in mutual consideration of the premises, the sum of Ten Dollars ($10) and other good and valuable consideration, each to the other parties paid, the parties hereto agree that said Promissory Note is amended as hereinafter described:

☐ Borrower shall pay a prepayment penalty as set forth in the Prepayment Penalty Addendum attached hereto.

**INTEREST RATE, PRINCIPAL AND INTEREST PAYMENT TERM MODIFICATIONS (To the extent no change is made, existing terms continue. Sections not completed are deleted.)**

Interest shall accrue from the date hereof on the unpaid principal balance outstanding from time to time at the:

☐ Fixed Rate of _____ % per annum.

☐ Variable rate of the Bank's Prime Rate plus _____ % per annum to be adjusted_____ as the Bank's Prime Rate changes.

☐ As of the Modification Date, any fixed, floating, or average maximum rate and fixed minimum rate in effect by virtue of the Promissory Note(s) are hereby deleted. If checked here ☐ ,the interest rate will not exceed a(n) ☐ fixed ☐ average maximum rate of _____ % or a ☐ floating maximum rate of the greater of _____ % or the Bank's Prime Rate; and the interest rate will not decrease below a fixed minimum rate of _____ %. If an average maximum rate is specified, a determination of any required reimbursement of interest by Bank will be made: ☐ when the Note is repaid in full by Borrower ☐ annually beginning on _____ .

☐ _____

**Principal and interest are payable as follows:**

☒ Principal (plus any accrued interest not otherwise scheduled herein) ⎫
☐ Principal plus accrued interest                                    ⎬ is due in full at maturity on  07/15/2007
☐ Payable in consecutive _____ installments of ☐ Principal
                                                          ☐ Principal and interest ⎬ commencing on _____ .
and continuing on the same day of each calendar period thereafter, in _____ equal payments of $_____ , with one final payment of all remaining principal and accrued interest due on _____

☐ ChoiceLine Payment Option: 2% of outstanding balance is payable monthly commencing on _____ and continuing on the same day of each month thereafter, with one final payment of all remaining principal and accrued interest due on _____

☒ Accrued interest is payable ___Monthly___ commencing on ___May 15, 2007___ and continuing on the same day of each calendar period thereafter, with one final payment of all remaining interest due on  July 15, 2007                    .

☐ Bank reserves the right in its sole discretion to adjust the fixed payment due hereunder _____ on _____ and continuing on the same day of each calendar period thereafter, in order to maintain an amortization period of no more than _____ months from the date of the initial principal payment due hereunder. Borrower understands the payment may increase if interest rates increase.

☐ At the Borrower's request, the Bank has agreed to readvance the principal amount of $_____ . The outstanding principal balance under the Promissory Note prior to the readvance is $ _____ , making the total outstanding principal balance now due under the Promissory Note and this Agreement to be $ ___1,653,582.00___ ("Modification Amount").

☐ _____

☐ _____

☐ Borrower hereby authorizes Bank to automatically draft from its demand deposit or savings account(s) with Bank or other bank, any payment(s) due under this Note on the date(s) due. Borrower shall provide appropriate account number(s) for account(s) at Bank or other bank.

The following scheduled payment(s) is (are) deferred:

☐ $_____ principal ⎫
☐ $_____ interest  ⎬ payment(s) due on _____
is (are) hereby deferred. Payments will resume on_____ according to the schedule contained herein or to the existing schedule (if no other changes are made herein).



The Borrower(s) promises to pay Bank, or order, a late fee in the amount of five percent (5%) of any installment past due for ten (10) or more days. Where any installment payment is past due for ten (10) or more days, subsequent payments shall first be applied to the past due balance. In addition, the undersigned shall pay to bank a returned payment fee if the undersigned or any other obligor hereon makes any payment at any time by check or other instrument, or by any electronic means, which is returned to Bank because of nonpayment due to nonsufficient funds.

COLLATERAL: ☐ The Promissory Note, as modified, and the performance of the terms of any agreement or instrument relating to, evidencing, or securing the Promissory Note, as modified, shall be additionally secured by collateral hereinafter described, a new security instrument shall be executed by Borrower(s), and/or Debtor(s)/Grantor(s), and all other steps necessary to perfect or record the Bank's lien with priority acceptable to Bank shall be taken.

Deed(s) of Trust / Mortgage(s) granted in favor of Bank as beneficiary / mortgagee:

☐ dated _____ in the maximum principal amount of $ _____

    granted by _____

☐ dated _____ in the maximum principal amount of $ _____

    granted by _____

Security Agreement(s) granting a security interest to Bank:

☐ dated _____ given by _____

_____

☐ dated _____ given by _____

_____

☐ Securities Account Pledge and Security Agreement dated _____, executed by

_____

☐ Control Agreement(s) dated _____ , covering ☐ Deposit Account(s)  ☐ Investment Property

    ☐ Letter of Credit Rights  ☐ Electronic Chattel Paper

☐ Assignment of Certificate of Deposit, Security Agreement, and Power of Attorney (for Certificated Certificates of Deposit) dated _____

_____ , executed by _____

☐ Pledge and Security Agreement for Publicly Traded Certificated Securities dated _____, executed

    by _____

☐ Assignment of Life Insurance Policy as Collateral dated _____, executed by

_____

☐ Loan Agreement dated _____ , executed by Borrower and ☐ Guarantor(s).

☐ _____

☐ The collateral hereinafter described shall be and hereby is deleted as security interest for payment of the aforesaid Promissory Note:

_____

_____

OTHER: _____

If the Promissory Note being modified by this Agreement is signed by more than one person or entity, the modified Promissory Note shall be the joint and several obligation of all signers and the property and liability of each and all of them. It is expressly understood and agreed that this Agreement is a modification only and not a novation. The original obligation of the Borrower(s) as evidenced by the Promissory Note above described is not extinguished hereby. It is also understood and agreed that except for the modification(s) contained herein said Promissory Note, and any other Loan Documents or Agreements evidencing, securing or relating to the Promissory Note and all singular terms and conditions thereof, shall be and remain in full force and effect. This Agreement shall not release or affect the liability of any co-makers, obligors, endorsers or guarantors of said Promissory Note. Borrower and Debtor(s)/Grantor(s), if any, jointly and severally consent to the terms of this Agreement, waive any objection thereto, affirm any and all obligations to Bank and certify that there are no defenses or offsets against said obligations or the Bank, including without limitation the Promissory Note. Bank expressly reserves all rights as to any party with right of recourse on the aforesaid Promissory Note.

In the event periodic accruals of interest shall exceed any periodic fixed payment amount described above, the fixed payment amount shall be immediately increased or supplemental interest payments required on the same periodic basis as specified above (increased fixed payments or supplemental payments to be determined in the Bank's sole discretion), in such amounts and at such times as shall be necessary to pay all accruals of interest for the period and all accruals of unpaid interest from previous periods. Such adjustments to the fixed payment amount or supplemental payments shall remain in effect for so long as any interest accruals shall exceed the original fixed payment amount and shall be further adjusted upward or downward to reflect changes in any variable interest rate based on an index such as the Bank's Prime Rate; provided that unless elected otherwise above, the fixed payment amount shall not be reduced below the original fixed payment amount. However, Bank shall have the right, in its sole discretion, to lower the fixed payment amount below the original payment amount. Notwithstanding any other provision contained in this agreement, in no event shall the provisions of this paragraph be applicable to any Promissory Note which requires disclosures pursuant to the Consumer Protection Act (Truth-in-Lending Act), 15 USC § 1601, et seq., as implemented by Regulation Z.

WV (0610)

Borrower agrees that the only interest charge is the interest actually stated in this Note, and that any loan or origination fee shall be deemed charges rather than interest, which charges are fully earned and non-refundable. It is further agreed that any late charges are not a charge for the use of money but are imposed to compensate Bank for some of the administrative services, costs and losses associated with any delinquency or default under this Note, and said charges shall be fully earned and non-refundable when accrued. All other charges imposed by Bank upon Borrower in connection with this Note and the loan including, without limitation, any commitment fees, loan fees, facility fees, origination fees, discount points, default and late charges, prepayment fees, statutory attorneys' fees and reimbursements for costs and expenses paid by Bank to third parties or for damages incurred by Bank are and shall be deemed to be charges made to compensate Bank for underwriting and administrative services and costs, other services, and costs or losses incurred and to be incurred by Bank in connection with this Note and the loan and shall under no circumstances be deemed to be charges for the use of money. All such charges shall be fully earned and non-refundable when due.

The Bank may, at its option, charge any fees for the modification, renewal, extension, or amendment of any of the terms of the Promissory Note(s) as permitted by applicable law.

In the words "Prime Rate", "Bank Prime Rate", "BB&T Prime Rate", "Bank's Prime Rate" or "BB&T's Prime Rate" are used in this Agreement, they shall refer to the rate announced by the Bank from time to time as its Prime Rate. The Bank makes loans both above and below the Prime Rate and uses indexes other than the Prime Rate. Prime Rate is the name given a rate index used by the Bank and does not in itself constitute a representation of any preferred rate or treatment.

Unless otherwise provided herein, it is expressly understood and agreed by and between Borrower(s), Debtor(s)/Grantor(s) and Bank that any and all collateral (including but not limited to real property, personal property, fixtures, inventory, accounts, instruments, general intangibles, documents, chattel paper, and equipment) given as security to insure faithful performance by Borrower(s) and any other third party of any and all obligations to Bank, however created, whether now existing or hereafter arising, shall remain as security for the Promissory Note as modified hereby.

It is understood and agreed that if Bank has released collateral herein, it shall not be required or obligated to take any further steps to release said collateral from any lien or security interest unless Bank determines, in its sole discretion, that it may do so without consequence to its secured position and relative priority in other collateral; and unless Borrower(s) bears the reasonable cost of such action. No delay or omission on the part of the Bank in exercising any right hereunder shall operate as a waiver of such right or of any other right of the Bank, nor shall any delay, omission or waiver on any one occasion be deemed a bar to or waiver of the same, or of any other right · on any further occasion. Each of the parties signing this Agreement regardless of the time, order or place of signing waives presentment, demand, protest, and notices of every kind, and assents to any one  or more extensions or postponements of the time of payment or any other indulgences, to any substitutions, exchanges or releases of collateral if at any time there is available to the Bank collateral for the Promissory Note, as amended, and to the additions or releases of any other parties or persons primarily or secondarily liable. Whenever possible the provisions of this Agreement shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Agreement prohibited by or invalid under such law, such provisions shall be ineffective to the extent of any such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Agreement. All rights and obligations arising hereunder shall be governed by and construed in accordance with the laws of the same state which governs the  interpretation and enforcement of the Promissory Note.

From and after any event of default under this Agreement, the Promissory Note, or any related deed of trust, security agreement or loan agreement, interest shall accrue on the sum of the principal balance and accrued interest then outstanding at the variable rate equal to the Bank's Prime Rate plus 5% per annum ("Default Rate"), provided that such rate shall not exceed at any time the highest rate of interest permitted by the laws of the State of West Virginia; and further that such rate shall apply after judgement. In the event of any default, the then remaining unpaid principal amount and accrued but unpaid interest then outstanding shall bear interest at the Default Rate until such principal and interest have been paid in full. **Bank shall not be obligated to accept any check, money order, or other payment instrument marked "payment in full" on any disputed amount due hereunder, and Bank expressly reserves the right to reject all such payment instruments. Borrower agrees that tender of its check or other payment instrument so marked will not satisfy or discharge its obligation under this Note, disputed or otherwise, even if such check or payment instrument is inadvertently processed by Bank unless in fact such payment is in fact sufficient to pay the amount due hereunder.**

WAIVER OF TRIAL BY JURY. UNLESS EXPRESSLY PROHIBITED BY APPLICABLE LAW, THE UNDERSIGNED HEREBY WAIVE THE RIGHT TO TRIAL BY JURY OF ANY MATTERS OR CLAIMS ARISING OUT OF THIS AGREEMENT, THE PROMISSORY NOTE OR ANY LOAN DOCUMENT EXECUTED IN CONNECTION HEREWITH OR OUT OF THE CONDUCT OF THE RELATIONSHIP BETWEEN THE UNDERSIGNED AND BANK. THIS PROVISION IS  A MATERIAL INDUCEMENT FOR BANK TO MAKE THE LOAN EVIDENCED BY THE PROMISSORY NOTE AND THIS AGREEMENT. FURTHER, THE UNDERSIGNED HEREBY CERTIFY THAT NO REPRESENTATIVE OR AGENT OF BANK, NOR BANK'S COUNSEL, HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT BANK WOULD NOT SEEK TO ENFORCE THIS WAIVER OR RIGHT TO JURY TRIAL PROVISION IN THE EVENT OF LITIGATION. NO REPRESENTATIVE OR AGENT OF BANK, NOR BANK'S COUNSEL, HAS THE AUTHORITY TO WAIVE, CONDITION OR MODIFY THIS PROVISION.

Unless otherwise required under a Loan Agreement, if applicable, and as long as any indebtedness evidenced by this Promissory Note, as modified by this Agreement remains outstanding or as long as Bank remains obligated to make advances, the undersigned shall furnish annually an updated financial statement in a form satisfactory to Bank, which, when delivered shall be the property of the Bank. Further, the undersigned agree to provide any and all documentation requested by the Bank in order to verify the identity of the undersigned in accordance with the USA Patriot Act.

## (SIGNATURES ON FOLLOWING PAGE)

# BB&T

## NOTE MODIFICATION SIGNATURE PAGE

Borrower: __AB & C GROUP INC__

Account Number: ___9570257851_____    Note Number: _____00001_____

Modification Amount: _1,653,582.00_____    Modification Date: _04/15/2007_____

**Notice of Right to Copy of Appraisal:** If a 1-4 family residential dwelling is pledged as collateral for this Agreement, you, the undersigned, have a right to copy of the real estate appraisal report used in connection with your application for credit. You must forward your request to the Bank no later than 90 days after the date of this Agreement. In your request letter, please provide your name, mailing address, appraised property address, the date of this Agreement, and the account and note numbers shown on the front of this Agreement.

Witness the undersigned.

### If Borrower is a Corporation:

WITNESS:

_____    AB & C GROUP INC
                                                NAME OF CORPORATION

_____    By: __Phillip Max_____

                                         Title: Chief Financial Officer

_____    By: _____

                                         Title: _____

### If Borrower is a Partnership, Limited Liability Company, or Limited Liability Partnership:

WITNESS:

                                         NAME OF PARTNERSHIP, LLC, OR LLP

_____    By: _____
                                                GENERAL PARTNER OR MANAGER

_____    By: _____
                                                GENERAL PARTNER OR MANAGER

_____    By: _____
                                                GENERAL PARTNER OR MANAGER

### If Borrower is an Individual

WITNESS:

_____

### Additional Borrowers and Debtors/Grantors/Guarantors:

WITNESS:

_____    _____

_____    _____

_____    _____

_____    _____

Maker  AB & C GROUP INC

Address  1 EXECUTIVE WAY

RANSON, WV 25438-1069

9570257851
Customer Number

00001
Note Number

# BB&T

## NOTE MODIFICATION AGREEMENT

$ __3,500,000.00__          __10/10/2006__          $ __1,653,582.00__          __07/17/2007__
Original Amount of Note        Original Date          Modification Amount        Modification Date

This Note Modification Agreement (hereinafter Agreement) is made and entered into this __17th__ day of _____ July, 2007 _____,
by and between __AB & C GROUP INC_____
maker(s), co-maker(s), endorser(s), or other obligor(s) on the Promissory Note (as defined below), hereinafter also referred to jointly and severally as
Borrower(s); Branch Banking and Trust Company of North Carolina, a banking corporation, hereinafter referred to as Bank; and _____
_____
owners other than Borrower(s) (if any) of any property pledged to secure performance of Borrower(s)'s obligations to Bank, hereinafter referred to
jointly and severally as Debtor(s)/Grantor(s).

Witnesseth: Whereas, Borrower(s) has previously executed a Promissory Note payable to Bank, which Promissory Note includes the original
Promissory Note and all renewals, extensions and modifications thereof, collectively "Promissory Note", said Promissory Note being more particularly
identified by description of the original note above; and Borrower(s) and Bank agree that said Promissory Note be modified only to the limited extent
as is hereinafter set forth; that all other terms, conditions, and covenants of said Promissory Note remain in full force and effect, and that all other
obligations and covenants of Borrower(s), except as herein modified, shall remain in full force and effect, and binding between Borrower(s) and Bank;
and Whereas Debtor(s)/Grantor(s), if different from Borrower(s), has agreed to the terms of this modification; NOW THEREFORE, in mutual
consideration of the premises, the sum of Ten Dollars ($10) and other good and valuable consideration, each to the other parties paid , the parties
hereto agree that said Promissory Note is amended as hereinafter described:

☐ Borrower shall pay a prepayment penalty as set forth in the Prepayment Penalty Addendum attached hereto.

**INTEREST RATE, PRINCIPAL AND INTEREST PAYMENT TERM MODIFICATIONS** (To the extent no change is made, existing terms continue.  Sections not completed
are deleted.)

Interest shall accrue from the date hereof on the unpaid principal balance outstanding from time to time at the:

☐ Fixed Rate of _____ % per annum.

☐ Variable rate of the Bank's Prime Rate plus _____ % per annum to be adjusted_____ as the Bank's Prime
Rate changes.

☐ As of the Modification Date, any fixed, floating, or average maximum rate and fixed minimum rate in effect by virtue of the Promissory Note(s)
are hereby deleted.  If checked here ☐ , the interest rate will not exceed a(n) ☐ fixed ☐ average maximum rate of _____ % or a
☐ floating maximum rate of the greater of _____ % or the Bank's Prime Rate; and the interest rate will not decrease below a fixed
minimum rate of _____ %.  If an average maximum rate is specified, a determination of any required reimbursement of interest by Bank
will be made: ☐ when the Note is repaid in full by Borrower ☐ annually beginning on _____ .

Principal and interest are payable as follows:

☒ Principal (plus any accrued interest not otherwise scheduled herein) ⎫ is due in full at maturity on _09/17/2007_____ .

☐ Principal plus accrued interest ⎬

☐ Payable in consecutive _____ installments of ☐ Principal ⎫ commencing on _____ ,
                                              ☐ Principal and interest ⎭
and continuing on the same day of each calendar period thereafter, in _____ equal payments of $ _____ , with one final
payment of all remaining principal and accrued interest due on _____ .

☐ ChoiceLine Payment Option: 2% of outstanding balance is payable monthly commencing on _____
and continuing on the same day of each month thereafter, with one final payment of all remaining principal and accrued interest due
on _____ .

☒ Accrued interest is payable __Monthly__ commencing on __August 17, 2007_____ and continuing on the same day
of each calendar period thereafter, with one final payment of all remaining interest due on  September 17, 2007_____

☐ Bank reserves the right in its sole discretion to adjust the fixed payment due hereunder _____ on _____ and continuing on
the same day of each calendar period thereafter, in order to maintain an amortization period of no more than _____ months from the date
of the initial principal payment due hereunder. Borrower understands the payment may increase if interest rates increase.

☐ At the Borrower's request, the Bank has agreed to readvance the principal amount of $ _____ . The outstanding
principal balance under the Promissory Note prior to the readvance is $ _____ , making the total outstanding
principal balance now due under the Promissory Note and this Agreement to be $ _____ ("Modification Amount").

☐ _____

☐ _____

☐ Borrower hereby authorizes Bank to automatically draft from its demand deposit or savings account(s) with Bank or other bank, any
payment(s) due under this Note on the date(s) due.  Borrower shall provide appropriate account number(s) for account(s) at Bank or other
bank.

The following scheduled payment(s) is (are) deferred:

☐ $ _____ principal ⎫ payment(s) due on _____
   $ _____ interest    ⎬

is (are) hereby deferred.  Payments will resume on_____ according to the schedule contained herein or
to the existing schedule (if no other changes are made herein).

*ACCOUNT# / NOTE#*
9570257851    00001

1373WV (CR10)

The Borrower(s) promises to pay Bank, or order, a late fee in the amount of five percent (5%) of any installment past due for ten (10) or more days. Where any installment payment is past due for ten (10) or more days, subsequent payments shall first be applied to the past due balance. In addition, the undersigned shall pay to bank a returned payment fee if the undersigned or any other obligor hereon makes any payment at any time by check or other instrument, or by any electronic means, which is returned to Bank because of nonpayment due to nonsufficient funds.

COLLATERAL: ☐ The Promissory Note, as modified, and the performance of the terms of any agreement or instrument relating to, evidencing, or securing the Promissory Note, as modified, shall be additionally secured by collateral hereinafter described, a new security instrument shall be executed by Borrower(s), and/or Debtor(s)/Grantor(s), and all other steps necessary to perfect or record the Bank's lien with priority acceptable to Bank shall be taken.

Deed(s) of Trust / Mortgage(s) granted in favor of Bank as beneficiary / mortgagee:

☐ dated _____ in the maximum principal amount of $ _____

   granted by _____

☐ dated _____ in the maximum principal amount of $ _____

   granted by _____

Security Agreement(s) granting a security interest to Bank:

☐ dated _____ given by _____

☐ dated _____ given by _____

☐ Securities Account Pledge and Security Agreement dated _____, executed by

☐ Control Agreement(s) dated _____, covering ☐ Deposit Account(s)  ☐ Investment Property
    ☐ Letter of Credit Rights  ☐ Electronic Chattel Paper

☐ Assignment of Certificate of Deposit, Security Agreement, and Power of Attorney (for Certificated Certificates of Deposit) dated _____, executed by _____

☐ Pledge and Security Agreement for Publicly Traded Certificated Securities dated _____, executed by _____

☐ Assignment of Life Insurance Policy as Collateral dated _____, executed by

☐ Loan Agreement dated _____, executed by Borrower and ☐ Guarantor(s).

☐ 

☐ The collateral hereinafter described shall be and hereby is deleted as security interest for payment of the aforesaid Promissory Note:

OTHER:

If the Promissory Note being modified by this Agreement is signed by more than one person or entity, the modified Promissory Note shall be the joint and several obligation of all signers and the property and liability of each and all of them. It is expressly understood and agreed that this Agreement is a modification only and not a novation. The original obligation of the Borrower(s) as evidenced by the Promissory Note above described is not extinguished hereby. It is also understood and agreed that except for the modification(s) contained herein said Promissory Note, and any other Loan Documents or Agreements evidencing, securing or relating to the Promissory Note and all singular terms and conditions thereof, shall be and remain in full force and effect. This Agreement shall not release or affect the liability of any co-makers, obligors, endorsers or guarantors of said Promissory Note. Borrower and Debtor(s)/Grantor(s), if any, jointly and severally consent to the terms of this Agreement, waive any objection thereto, affirm any and all obligations to Bank and certify that there are no defenses or offsets against said obligations or the Bank, including without limitation the Promissory Note. Bank expressly reserves all rights as to any party with right of recourse on the aforesaid Promissory Note.

In the event periodic accruals of interest shall exceed any periodic fixed payment amount described above, the fixed payment amount shall be immediately increased or supplemental interest payments required on the same periodic basis as specified above (increased fixed payments or supplemental payments to be determined in the Bank's sole discretion), in such amounts and at such times as shall be necessary to pay all accruals of interest for the period and all accruals of unpaid interest from previous periods. Such adjustments to the fixed payment amount or supplemental payments shall remain in effect for so long as any interest accruals shall exceed the original fixed payment amount and shall be further adjusted upward or downward to reflect changes in any variable interest rate based on an index such as the Bank's Prime Rate; provided that unless elected otherwise above, the fixed payment amount shall not be reduced below the original fixed payment amount. However, Bank shall have the right, in its sole discretion, to lower the fixed payment amount below the original payment amount. Notwithstanding any other provision contained in this agreement, in no event shall the provisions of this paragraph be applicable to any Promissory Note which requires disclosures pursuant to the Consumer Protection Act (Truth-in-Lending Act), 15 USC § 1601, et seq., as implemented by Regulation Z.

Borrower agrees that the only interest charge is the interest actually stated in this Note, and that any loan or origination fee shall be deemed charges rather than interest, which charges are fully earned and non-refundable. It is further agreed that any late charges are not a charge for the use of money but are imposed to compensate Bank for some of the administrative services, costs and losses associated with any delinquency or default under this Note, and said charges shall be fully earned and non-refundable when accrued. All other charges imposed by Bank upon Borrower in connection with this Note and the loan including, without limitation, any commitment fees, loan fees, facility fees, origination fees, discount points, default and late charges, prepayment fees, statutory attorneys' fees and reimbursements for costs and expenses paid by Bank to third parties or for damages incurred by Bank are and shall be deemed to be charges made to compensate Bank for underwriting and administrative services and costs, other services, and costs or losses incurred and to be incurred by Bank in connection with this Note and the loan and shall under no circumstances be deemed to be charges for the use of money. All such charges shall be fully earned and non-refundable when due.

The Bank may, at its option, charge any fees for the modification, renewal, extension, or amendment of any of the terms of the Promissory Note(s) as permitted by applicable law.

In the words "Prime Rate", "Bank Prime Rate", "BB&T Prime Rate", "Bank's Prime Rate" or "BB&T's Prime Rate" are used in this Agreement, they shall refer to the rate announced by the Bank from time to time as its Prime Rate. The Bank makes loans both above and below the Prime Rate and uses indexes other than the Prime Rate. Prime Rate is the name given a rate index used by the Bank and does not in itself constitute a representation of any preferred rate or treatment.

Unless otherwise provided herein, it is expressly understood and agreed by and between Borrower(s), Debtor(s)/Grantor(s) and Bank that any and all collateral (including but not limited to real property, personal property, fixtures, inventory, accounts, instruments, general intangibles, documents, chattel paper, and equipment) given as security to insure faithful performance by Borrower(s) and any other third party of any and all obligations to Bank, however created, whether now existing or hereafter arising, shall remain as security for the Promissory Note as modified hereby.

It is understood and agreed that if Bank has released collateral herein, it shall not be required or obligated to take any further steps to release said collateral from any lien or security interest unless Bank determines, in its sole discretion, that it may do so without consequence to its secured position and relative priority in other collateral; and unless Borrower(s) bears the reasonable cost of such action. No delay or omission on the part of the Bank in exercising any right hereunder shall operate as a waiver of such right or of any other right of the Bank, nor shall any delay, omission or waiver on any one occasion be deemed a bar to or waiver of the same, or of any other right on any further occasion. Each of the parties signing this Agreement regardless of the time, order or place of signing waives presentment, demand, protest, and notices of every kind, and assents to any one or more extensions or postponements of the time of payment or any other indulgences, to any substitutions, exchanges or releases of collateral if at any time there is available to the Bank collateral for the Promissory Note, as amended, and to the additions or releases of any other parties or persons primarily or secondarily liable. Whenever possible the provisions of this Agreement shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Agreement prohibited by or invalid under such law, such provisions shall be ineffective to the extent of any such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Agreement. All rights and obligations arising hereunder shall be governed by and construed in accordance with the laws of the same state which governs the interpretation and enforcement of the Promissory Note.

From and after any event of default under this Agreement, the Promissory Note, or any related deed of trust, security agreement or loan agreement, interest shall accrue on the sum of the principal balance and accrued interest then outstanding at the variable rate equal to the Bank's Prime Rate plus 5% per annum ("Default Rate"), provided that such rate shall not exceed at any time the highest rate of interest permitted by the laws of the State of West Virginia; and further that such rate shall apply after judgement. In the event of any default, the then remaining unpaid principal amount and accrued but unpaid interest then outstanding shall bear interest at the Default Rate until such principal and interest have been paid in full. Bank shall not be obligated to accept any check, money order, or other payment instrument marked "payment in full" on any disputed amount due hereunder, and Bank expressly reserves the right to reject all such payment instruments. Borrower agrees that tender of its check or other payment instrument so marked will not satisfy or discharge its obligation under this Note, disputed or otherwise, even if such check or payment instrument is inadvertently processed by Bank unless in fact such payment is in fact sufficient to pay the amount due hereunder.

WAIVER OF TRIAL BY JURY. UNLESS EXPRESSLY PROHIBITED BY APPLICABLE LAW, THE UNDERSIGNED HEREBY WAIVE THE RIGHT TO TRIAL BY JURY OF ANY MATTERS OR CLAIMS ARISING OUT OF THIS AGREEMENT, THE PROMISSORY NOTE OR ANY LOAN DOCUMENT EXECUTED IN CONNECTION HEREWITH OR OUT OF THE CONDUCT OF THE RELATIONSHIP BETWEEN THE UNDERSIGNED AND BANK. THIS PROVISION IS A MATERIAL INDUCEMENT FOR BANK TO MAKE THE LOAN EVIDENCED BY THE PROMISSORY NOTE AND THIS AGREEMENT. FURTHER, THE UNDERSIGNED HEREBY CERTIFY THAT NO REPRESENTATIVE OR AGENT OF BANK, NOR BANK'S COUNSEL, HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT BANK WOULD NOT SEEK TO ENFORCE THIS WAIVER OR RIGHT TO JURY TRIAL PROVISION IN THE EVENT OF LITIGATION. NO REPRESENTATIVE OR AGENT OF BANK, NOR BANK'S COUNSEL, HAS THE AUTHORITY TO WAIVE, CONDITION OR MODIFY THIS PROVISION.

Unless otherwise required under a Loan Agreement, if applicable, and as long as any indebtedness evidenced by this Promissory Note, as modified by this Agreement remains outstanding or as long as Bank remains obligated to make advances, the undersigned shall furnish annually an updated financial statement in a form satisfactory to Bank, which, when delivered shall be the property of the Bank. Further, the undersigned agree to provide any and all documentation requested by the Bank in order to verify the identity of the undersigned in accordance with the USA Patriot Act.

(SIGNATURES ON FOLLOWING PAGE)

# BB&T

## NOTE MODIFICATION SIGNATURE PAGE

Borrower: ___AB & C GROUP INC___

Account Number: ___9570257851___                          Note Number: ___00001___

Modification Amount: ___1,653,582.00___                   Modification Date: _07/17/2007_

**Notice of Right to Copy of Appraisal:** If a 1-4 family residential dwelling is pledged as collateral for this Agreement, you, the undersigned, have a right to copy of the real estate appraisal report used in connection with your application for credit. You must forward your request to the Bank no later than 90 days after the date of this Agreement. In your request letter, please provide your name, mailing address, appraised property address, the date of this Agreement, and the account and note numbers shown on the front of this Agreement.

Witness the undersigned.

### If Borrower is a Corporation:

WITNESS:

_____

                                        AB & C GROUP INC
                                        NAME OF CORPORATION

By: _____
                                        Nulliy Wax

Title: _____
                                        Chief Financial Officer

By: _____

Title: _____

### If Borrower is a Partnership, Limited Liability Company, or Limited Liability Partnership:

WITNESS:
                                        _____
                                        NAME OF PARTNERSHIP, LLC, OR LLP

_____             By: _____
                                                GENERAL PARTNER OR MANAGER

_____             By: _____
                                                GENERAL PARTNER OR MANAGER

_____             By: _____
                                                GENERAL PARTNER OR MANAGER

### If Borrower is an Individual

WITNESS:

_____             _____

### Additional Borrowers and Debtors/Grantors/Guarantors:

WITNESS:

_____             _____

_____             _____

_____             _____

_____             _____

_____             _____

Maker   AB & C GROUP INC

Address   1 EXECUTIVE WAY

RANSON,WV 25438-1069

9570257851
Customer Number

00001
Note Number

# BB&T

## NOTE MODIFICATION AGREEMENT

| $ 3,500,000.00 | 10/10/2006 | $ 1,653,582.00 | 12/19/2007 |
|---|---|---|---|
| Original Amount of Note | Original Date | Modification Amount | Modification Date |

This Note Modification Agreement (hereinafter Agreement) is made and entered into this _____ 19th _____ day of _____ December, 2007 _____ ,
by and between _____ AB & C GROUP INC _____
maker(s), co-maker(s), endorser(s), or other obligor(s) on the Promissory Note (as defined below), hereinafter also referred to jointly and severally as
Borrower(s); Branch Banking and Trust Company of North Carolina, a banking corporation, hereinafter referred to as Bank; and _____

_____
owners other than Borrower(s) (if any) of any property pledged to secure performance of Borrower(s)'s obligations to Bank, hereinafter referred to jointly and
severally as Debtor(s)/Grantor(s).
**Witnesseth:** Whereas, Borrower(s) has previously executed a Promissory Note payable to Bank, which Promissory Note includes the original Promissory
Note and all renewals, extensions and modifications thereof, collectively "Promissory Note", said Promissory Note being more particularly identified by
description of the original note above; and Borrower(s) and Bank agree that said Promissory Note be modified only to the limited extent as is hereinafter set
forth; that all other terms, conditions, and covenants of said Promissory Note remain in full force and effect, and that all other obligations and covenants of
Borrower(s), except as herein modified, shall remain in full force and effect, and binding between Borrower(s) and Bank; and Whereas Debtor(s)/Grantor(s), if
different from Borrower(s), has agreed to the terms of this modification; NOW THEREFORE, in mutual consideration of the premises, the sum of Ten Dollars
($10) and other good and valuable consideration, each to the other parties paid , the parties hereto agree that said Promissory Note is amended as
hereinafter described:

☐   Borrower shall pay a prepayment penalty as set forth in the Prepayment Penalty Addendum attached hereto.

INTEREST RATE, PRINCIPAL AND INTEREST PAYMENT TERM MODIFICATIONS (To the extent no change is made, existing terms continue. Sections not completed
are deleted.)

Interest shall accrue from the date hereof on the unpaid principal balance outstanding from time to time at the:
☐   Fixed Rate of _____ % per annum.

☐   Variable rate of the Bank's Prime Rate plus _____ % per annum to be adjusted _____ as the Bank's Prime
Rate changes.

☐   As of the Modification Date, any fixed, floating, or average maximum rate and fixed minimum rate in effect by virtue of the Promissory Note(s) are
hereby deleted. If checked here ☐ ,the interest rate will not exceed a(n) ☐ fixed ☐ average maximum rate of _____ % or a
☐ floating maximum rate of the greater of _____ % or the Bank's Prime Rate; and the interest rate will not decrease below a fixed
minimum rate of _____ %. If an average maximum rate is specified, a determination of any required reimbursement of interest by Bank will be
made: ☐ when the Note is repaid in full by Borrower ☐ annually beginning on _____ .

☐   _____

Principal and interest are payable as follows:
☐ Principal (plus any accrued interest not otherwise scheduled herein) ⎫
☒ Principal plus accrued interest                                                          ⎬ Is due in full at maturity on _01/18/2008_____ .
☐ Payable in consecutive _____ installments of ⎰ Principal            ⎱
                                                                        ⎱ Principal and interest ⎰ commencing on_____
and continuing on the same day of each calendar period thereafter, in _____ equal payments of $ _____ , with one final
payment of all remaining principal and accrued interest due on _____ .

☐ ChoiceLine Payment Option: 2% of outstanding balance is payable monthly commencing on _____
and continuing on the same day of each month thereafter, with one final payment of all remaining principal and accrued interest due
on _____ .

☐ Accrued interest is payable _____ commencing on _____ and continuing on the same day
of each calendar period thereafter, with one final payment of all remaining interest due on _____

☐ Bank reserves the right in its sole discretion to adjust the fixed payment due hereunder _____ on _____ and continuing on
the same day of each calendar period thereafter, in order to maintain an amortization period of no more than _____ months from the date
of the initial principal payment due hereunder. Borrower understands the payment may increase if interest rates increase.

☐ At the Borrower's request, the Bank has agreed to readvance the principal amount of $_____. The outstanding
principal balance under the Promissory Note prior to the readvance is $ _____, making the total outstanding principal
balance now due under the Promissory Note and this Agreement to be $ _____ 1,653,582.00 _____ ("Modification Amount").

☐ _____

☐ _____

☐ Borrower hereby authorizes Bank to automatically draft from its demand deposit or savings account(s) with Bank or other bank, any payment(s) due
under this Note on the date(s) due. Borrower shall provide appropriate account number(s) for account(s) at Bank or other bank.

The following scheduled payment(s) is (are) deferred:

☐   $_____ principal      ⎱
☐   $_____ interest        ⎰ payment(s) due on _____

is (are) hereby deferred. Payments will resume on _____ according to the schedule contained herein or to
the existing schedule (if no other changes are made herein).

*ACCOUNT# / NOTE#*
9570257851      00001

1373WV (0708)



The Borrower(s) promises to pay bank, or order, a late fee in the amount of five percent (5%) of any installment past due for ten (10) or more days. Where any installment payment is past due for ten (10) or more days, subsequent payments shall first be applied to the past due balance. In addition, the undersigned shall pay to bank a returned payment fee if the undersigned or any other obligor hereon makes any payment at any time by check or other instrument, or by any electronic means, which is returned to bank because of nonpayment due to nonsufficient funds.

COLLATERAL: ☐  The Promissory Note, as modified, and the performance of the terms of any agreement or instrument relating to, evidencing, or securing the Promissory Note, as modified, shall be additionally secured by collateral hereinafter described, a new security instrument shall be executed by Borrower(s), and/or Debtor(s)/Grantor(s), and all other steps necessary to perfect or record the Bank's lien with priority acceptable to Bank shall be taken.

Deed(s) of Trust / Mortgage(s) granted in favor of Bank as beneficiary / mortgagee:

☐ dated _____ in the maximum principal amount of $ _____

     granted by _____

☐ dated _____ in the maximum principal amount of $ _____

     granted by _____

Security Agreement(s) granting a security interest to Bank:

☐ dated _____ given by _____

☐ dated _____ given by _____

☐ Securities Account Pledge and Security Agreement dated _____ , executed by _____

☐ Control Agreement(s) dated _____ , covering ☐ Deposit Account(s) ☐ Investment Property
     ☐ Letter of Credit Rights ☐ Electronic Chattel Paper

☐ Assignment of Certificate of Deposit, Security Agreement, and Power of Attorney (for Certificated Certificates of Deposit) dated _____ , executed by _____

☐ Pledge and Security Agreement for Publicly Traded Certificated Securities dated _____ , executed by _____

☐ Assignment of Life Insurance Policy as Collateral dated _____ , executed by _____

☐ Loan Agreement dated _____ , executed by Borrower and ☐ Guarantor(s).

☐ _____

☐ The collateral hereinafter described shall be and hereby is deleted as security interest for payment of the aforesaid Promissory Note:

_____
_____

OTHER: _____

If the Promissory Note being modified by this Agreement is signed by more than one person or entity, the modified Promissory Note shall be the joint and several obligation of all signers and the property and liability of each and all of them. It is expressly understood and agreed that this Agreement is a modification only and not a novation. The original obligation of the Borrower(s) as evidenced by the Promissory Note above described is not extinguished hereby. It is also understood and agreed that except for the modification(s) contained herein said Promissory Note, and any other Loan Documents or Agreements evidencing, securing or relating to the Promissory Note and all singular terms and conditions thereof, shall be and remain in full force and effect. This Agreement shall not release or affect the liability of any co-makers, obligors, endorsers or guarantors of said Promissory Note. Borrower and Debtor(s)/Grantor(s), if any, jointly and severally consent to the terms of this Agreement, waive any objection thereto, affirm any and all obligations to Bank and certify that there are no defenses or offsets against said obligations or the Bank, including without limitation the Promissory Note. Bank expressly reserves all rights as to any party with right of recourse on the aforesaid Promissory Note.

In the event periodic accruals of interest shall exceed any periodic fixed payment amount described above, the fixed payment amount shall be immediately increased or supplemental interest payments required on the same periodic basis as specified above (increased fixed payments or supplemental payments to be determined in the Bank's sole discretion), in such amounts and at such times as shall be necessary to pay all accruals of interest for the period and all accruals of unpaid interest from previous periods. Such adjustments to the fixed payment amount or supplemental payments shall remain in effect for so long as any interest accruals shall exceed the original fixed payment amount and shall be further adjusted upward or downward to reflect changes in any variable interest rate based on an index such as the Bank's Prime Rate; provided that unless elected otherwise above, the fixed payment amount shall not be reduced below the original fixed payment amount. However, Bank shall have the right, in its sole discretion, to lower the fixed payment amount below the original payment amount. Notwithstanding any other provision contained in this agreement, in no event shall the provisions of this paragraph be applicable to any Promissory Note which requires disclosures pursuant to the Consumer Protection Act (Truth-in-Lending Act), 15 USC § 1601, et seq., as implemented by Regulation Z.

Borrower agrees that the only interest charge is the interest actually stated in this Note, and that any loan or origination fee shall be deemed charges rather than interest, which charges are fully earned and non-refundable. It is further agreed that any late charges are not a charge for the use of money but are imposed to compensate Bank for some of the administrative services, costs and losses associated with any delinquency or default under this Note, and said charges shall be fully earned and non-refundable when accrued. All other charges imposed by Bank upon Borrower in connection with this Note and the loan including, without limitation, any commitment fees, loan fees, facility fees, origination fees, discount points, default and late charges, prepayment fees, statutory attorneys' fees and reimbursements for costs and expenses paid by Bank to third parties or for damages incurred by Bank are and shall be deemed to be charges made to compensate Bank for underwriting and administrative services and costs, other services, and costs or losses incurred and to be incurred by Bank in connection with this Note and the loan and shall under no circumstances be deemed to be charges for the use of money. All such charges shall be fully earned and non-refundable when due.

The Bank may, at its option, charge any fees for the modification, renewal, extension, or amendment of any of the terms of the Promissory Note(s) as permitted by applicable law.

In the words "Prime Rate", "Bank Prime Rate", "BB&T Prime Rate", "Bank's Prime Rate" or "BB&T's Prime Rate" are used in this Agreement, they shall refer to the rate announced by the Bank from time to time as its Prime Rate. The Bank makes loans both above and below the Prime Rate and uses indexes other than the Prime Rate. Prime Rate is the name given a rate index used by the Bank and does not in itself constitute a representation of any preferred rate or treatment.

Unless otherwise provided herein, it is expressly understood and agreed by and between Borrower(s), Debtor(s)/Grantor(s) and Bank that any and all collateral (including but not limited to real property, personal property, fixtures, inventory, accounts, instruments, general intangibles, documents, chattel paper, and equipment) given as security to insure faithful performance by Borrower(s) and any other third party of any and all obligations to Bank, however created, whether now existing or hereafter arising, shall remain as security for the Promissory Note as modified hereby.

It is understood and agreed that if Bank has released collateral herein, it shall not be required or obligated to take any further steps to release said collateral from any lien or security interest unless Bank determines, in its sole discretion, that it may do so without consequence to its secured position and relative priority in other collateral; and unless Borrower(s) bears the reasonable cost of such action. No delay or omission on the part of the Bank in exercising any right hereunder shall operate as a waiver of such right or of any other right of the Bank, nor shall any delay, omission or waiver on any one occasion be deemed a bar to or waiver of the same, or of any other right on any further occasion. Each of the parties signing this Agreement regardless of the time, order or place of signing waives presentment, demand, protest, and notices of every kind, and assents to any one or more extensions or postponements of the time of payment or any other indulgences, to any substitutions, exchanges or releases of collateral if at any time there is available to the Bank collateral for the Promissory Note, as amended, and to the additions or releases of any other parties or persons primarily or secondarily liable. Whenever possible the provisions of this Agreement shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Agreement prohibited by or invalid under such law, such provisions shall be ineffective to the extent of any such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Agreement. All rights and obligations arising hereunder shall be governed by and construed in accordance with the laws of the same state which governs the interpretation and enforcement of the Promissory Note.

From and after any event of default under this Agreement, the Promissory Note, or any related deed of trust, security agreement or loan agreement, interest shall accrue on the sum of the principal balance and accrued interest then outstanding at the variable rate equal to the Bank's Prime Rate plus 5% per annum ("Default Rate"), provided that such rate shall not exceed at any time the highest rate of interest permitted by the laws of the State of West Virginia; and further that such rate shall apply after judgement. In the event of any default, the then remaining unpaid principal amount and accrued but unpaid interest then outstanding shall bear interest at the Default Rate until such principal and interest have been paid in full. Bank shall not be obligated to accept any check, money order, or other payment instrument marked "payment in full" on any disputed amount due hereunder, and Bank expressly reserves the right to reject all such payment instruments. Borrower agrees that tender of its check or other payment instrument so marked will not satisfy or discharge its obligation under this Note, disputed or otherwise, even if such check or payment instrument is inadvertently processed by Bank unless in fact such payment is in fact sufficient to pay the amount due hereunder.

<u>WAIVER OF TRIAL BY JURY.</u>  UNLESS EXPRESSLY PROHIBITED BY APPLICABLE LAW, THE UNDERSIGNED HEREBY WAIVE THE RIGHT TO TRIAL BY JURY OF ANY MATTERS OR CLAIMS ARISING OUT OF THIS AGREEMENT, THE PROMISSORY NOTE OR ANY LOAN DOCUMENT EXECUTED IN CONNECTION HEREWITH OR OUT OF THE CONDUCT OF THE RELATIONSHIP BETWEEN THE UNDERSIGNED AND BANK. THIS PROVISION IS A MATERIAL INDUCEMENT FOR BANK TO MAKE THE LOAN EVIDENCED BY THE PROMISSORY NOTE AND THIS AGREEMENT. FURTHER, THE UNDERSIGNED HEREBY CERTIFY THAT NO REPRESENTATIVE OR AGENT OF BANK, NOR BANK'S COUNSEL, HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT BANK WOULD NOT SEEK TO ENFORCE THIS WAIVER OR RIGHT TO JURY TRIAL PROVISION IN THE EVENT OF LITIGATION. NO REPRESENTATIVE OR AGENT OF BANK, NOR BANK'S COUNSEL, HAS THE AUTHORITY TO WAIVE, CONDITION OR MODIFY THIS PROVISION.

Unless otherwise required under a Loan Agreement, if applicable, and as long as any indebtedness evidenced by this Promissory Note, as modified by this Agreement remains outstanding or as long as Bank remains obligated to make advances, the undersigned shall furnish annually an updated financial statement in a form satisfactory to Bank, which, when delivered shall be the property of the Bank. Further, the undersigned agree to provide any and all documentation requested by the Bank in order to verify the identity of the undersigned in accordance with the USA Patriot Act.

(SIGNATURES ON FOLLOWING PAGE)



## NOTE MODIFICATION SIGNATURE PAGE

Borrower: _____AB & C GROUP INC_____

Account Number: _____9570257851_____          Note Number: _____00001_____

Modification Amount: _____1,653,582.00_____          Modification Date: _____12/19/2007_____

**Notice of Right to Copy of Appraisal:** If a 1-4 family residential dwelling is pledged as collateral for this Agreement, you, the undersigned, have a right to copy of the real estate appraisal report used in connection with your application for credit. You must forward your request to the Bank no later than 90 days after the date of this Agreement. In your request letter, please provide your name, mailing address, appraised property address, the date of this Agreement, and the account and note numbers shown on the front of this Agreement.

Witness the undersigned.

### If Borrower is a Corporation:

WITNESS:                                                   AB & C GROUP INC
                                                          NAME OF CORPORATION

x _____          By: x _____
                                                 Philip Wax
                                           Title: __Chief Financial Officer_____

_____          By: _____

                                           Title: _____

### If Borrower is a Partnership, Limited Liability Company, or Limited Liability Partnership:

WITNESS:                                          _____
                                                   NAME OF PARTNERSHIP, LLC, OR LLP

_____          By: _____
                                                   GENERAL PARTNER OR MANAGER

_____          By: _____
                                                   GENERAL PARTNER OR MANAGER

_____          By: _____
                                                   GENERAL PARTNER OR MANAGER

### If Borrower is an Individual:

WITNESS:

_____

### Additional Borrowers and Debtors/Grantors/Guarantors:

WITNESS:

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

Maker | AB & C GROUP INC

Address | 1 EXECUTIVE WAY

RANSON,WV 25438-1069

9570257851
**Customer Number**

00001
**Note Number**

# BB&T

## NOTE MODIFICATION AGREEMENT

$ 3,500,000.00 | 10/10/2006 | $ 1,653,582.00 | 02/14/2008
Original Amount of Note | Original Date | Modification Amount | Modification Date

This Note Modification Agreement (hereinafter Agreement) is made and entered into this _____14th_____ day of _____February, 2008_____, by and between _____AB & C GROUP INC_____,

maker(s), co-maker(s), endorser(s), or other obligor(s) on the Promissory Note (as defined below), hereinafter also referred to jointly and severally as Borrower(s); Branch Banking and Trust Company of North Carolina, a banking corporation, hereinafter referred to as Bank; and _____

owners other than Borrower(s) (if any) of any property pledged to secure performance of Borrower(s)'s obligations to Bank, hereinafter referred to jointly and severally as Debtor(s)/Grantor(s).

**Witnesseth:** Whereas, Borrower(s) has previously executed a Promissory Note payable to Bank, which Promissory Note includes the original Promissory Note and all renewals, extensions and modifications thereof, collectively "Promissory Note", said Promissory Note being more particularly identified by description of the original note above; and Borrower(s) and Bank agree that said Promissory Note be modified only to the limited extent as is hereinafter set forth; that all other terms, conditions, and covenants of said Promissory Note remain in full force and effect, and that all other obligations and covenants of Borrower(s), except as herein modified, shall remain in full force and effect, and binding between Borrower(s) and Bank; and Whereas Debtor(s)/Grantor(s), if different from Borrower(s), has agreed to the terms of this modification; NOW THEREFORE, in mutual consideration of the premises, the sum of Ten Dollars ($10) and other good and valuable consideration, each to the other parties paid , the parties hereto agree that said Promissory Note is amended as hereinafter described:

☐ Borrower shall pay a prepayment penalty as set forth in the Prepayment Penalty Addendum attached hereto.

**INTEREST RATE, PRINCIPAL AND INTEREST PAYMENT TERM MODIFICATIONS (To the extent no change is made, existing terms continue. Sections not completed are deleted.)**

Interest shall accrue from the date hereof on the unpaid principal balance outstanding from time to time at the:
☐ Fixed Rate of _____ % per annum.

☐ Variable rate of the Bank's Prime Rate plus _____ % per annum to be adjusted _____ as the Bank's Prime Rate changes.

☐ As of the Modification Date, any fixed, floating, or average maximum rate and fixed minimum rate in effect by virtue of the Promissory Note(s) are hereby deleted. If checked here ☐ , the interest rate will not exceed a(n) ☐ fixed ☐ average maximum rate of _____ % or a ☐ floating maximum rate of the greater of _____ % or the Bank's Prime Rate; and the interest rate will not decrease below a fixed minimum rate of _____ %. If an average maximum rate is specified, a determination of any required reimbursement of interest by Bank will be made: ☐ when the Note is repaid in full by Borrower ☐ annually beginning on _____ .

☐ _____

**Principal and interest are payable as follows:**

| X | Principal (plus any accrued interest not otherwise scheduled herein) ⎫ | |
| ☐ | Principal plus accrued interest ⎬ is in full at maturity on 08/18/2008 . | |
| ☐ | Payable in consecutive _____ installments of ☐ Principal ⎫ | |
| | ☐ Principal and interest ⎬ commencing on _____ | |
| | and continuing on the same day of each calendar period thereafter, in _____ equal payments of $ _____ , with one final payment of all remaining principal and accrued interest due on _____ | |

☐ ChoiceLine Payment Option: 2% of outstanding balance is payable monthly commencing on _____
and continuing on the same day of each month thereafter, with one final payment of all remaining principal and accrued interest due on _____ .

| X | Accrued interest is payable Monthly commencing on March 18, 2008 and continuing on the same day of each calendar period thereafter, with one final payment of all remaining interest due on August 18, 2008 |

☐ Bank reserves the right in its sole discretion to adjust the fixed payment due hereunder _____ on _____ and continuing on the same day of each calendar period thereafter, in order to maintain an amortization period of no more than _____ months from the date of the initial principal payment due hereunder. Borrower understands the payment may increase if interest rates increase.

☐ At the Borrower's request, the Bank has agreed to readvance the principal amount of $_____ . The outstanding principal balance under the Promissory Note prior to the readvance is $ _____ , making the total outstanding principal balance now due under the Promissory Note and this Agreement to be $ 1,653,582.00 ("Modification Amount").

☐ _____

☐ _____

☐ Borrower hereby authorizes Bank to automatically draft from its demand deposit or savings account(s) with Bank or other bank, any payment(s) due under this Note on the date(s) due. Borrower shall provide appropriate account number(s) for account(s) at Bank or other bank.

The following scheduled payments(s) is (are) deferred:

| ☐ | $_____ principal ⎫ | |
| ☐ | $_____ interest ⎬ payment(s) due on _____ | |

is (are) hereby deferred. Payments will resume on _____ according to the schedule contained herein or to the existing schedule (if no other changes are made herein).

*ACCOUNT# / NOTE#*
9570257851     00001

**1373WV** (0708)



The Borrower(s) promises to pay Bank, or order, a late fee in the amount of five percent (5%) of any installment past due for ten (10) or more days. Where any installment payment is past due for ten (10) or more days, subsequent payments shall first be applied to the past due balance. In addition, the undersigned shall pay to bank a returned payment fee if the undersigned or any other obligor hereon makes any payment at any time by check or other instrument, or by any electronic means, which is returned to Bank because of nonpayment due to nonsufficient funds.

COLLATERAL: ☐  The Promissory Note, as modified, and the performance of the terms of any agreement or instrument relating to, evidencing, or securing the Promissory Note, as modified, shall be additionally secured by collateral hereinafter described, a new security instrument shall be executed by Borrower(s), and/or Debtor(s)/Grantor(s), and all other steps necessary to perfect or record the Bank's lien with priority acceptable to Bank shall be taken.

Deed(s) of Trust / Mortgage(s) granted in favor of Bank as beneficiary / mortgagee:

☐  dated _____ in the maximum principal amount of $ _____

   granted by _____

☐  dated _____ in the maximum principal amount of $ _____

   granted by _____

Security Agreement(s) granting a security interest to Bank:

☐  dated _____ given by _____

☐  dated _____ given by _____

☐  Securities Account Pledge and Security Agreement dated _____ , executed by
   _____

☐  Control Agreement(s) dated _____ , covering   ☐ Deposit Account(s)      ☐ Investment Property
                                                           ☐ Letter of Credit Rights   ☐ Electronic Chattel Paper

☐  Assignment of Certificate of Deposit, Security Agreement, and Power of Attorney (for Certificated Certificates of Deposit) dated _____
   _____ , executed by _____
   _____

☐  Pledge and Security Agreement for Publicly Traded Certificated Securities dated _____ , executed
   by _____

☐  Assignment of Life Insurance Policy as Collateral dated _____ , executed by
   _____ ! _____

☐  Loan Agreement dated _____ , executed by Borrower and  ☐ Guarantor(s).

☐  _____ .

☐  The collateral hereinafter described shall be and hereby is deleted as security interest for payment of the aforesaid Promissory Note:
   _____
   _____

OTHER: _____
   _____

If the Promissory Note being modified by this Agreement is signed by more than one person or entity, the modified Promissory Note shall be the joint and several obligation of all signers and the property and liability of each and all of them. It is expressly understood and agreed that this Agreement is a modification only and not a novation. The original obligation of the Borrower(s) as evidenced by the Promissory Note above described is not extinguished hereby. It is also understood and agreed that except for the modification(s) contained herein said Promissory Note, and any other Loan Documents or Agreements evidencing, securing or relating to the Promissory Note and all singular terms and conditions thereof, shall be and remain in full force and effect. This Agreement shall not release or affect the liability of any co-makers, obligors, endorsers or guarantors of said Promissory Note. Borrower and Debtor(s)/Grantor(s), if any, jointly and severally consent to the terms of this Agreement, waive any objection thereto, affirm any and all obligations to Bank and certify that there are no defenses or offsets against said obligations or the Bank, including without limitation the Promissory Note. Bank expressly reserves all rights as to any party with right of recourse on the aforesaid Promissory Note.

In the event periodic accruals of interest shall exceed any periodic fixed payment amount described above, the fixed payment amount shall be immediately increased or supplemental interest payments required on the same periodic basis as specified above (increased fixed payments or supplemental payments to be determined in the Bank's sole discretion), in such amounts and at such times as shall be necessary to pay all accruals of interest for the period and all accruals of unpaid interest from previous periods. Such adjustments to the fixed payment amount or supplemental payments shall remain in effect for so long as any interest accruals shall exceed the original fixed payment amount and shall be further adjusted upward or downward to reflect changes in any variable interest rate based on an index such as the Bank's Prime Rate; provided that unless elected otherwise above, the fixed payment amount shall not be reduced below the original fixed payment amount. However, Bank shall have the right, in its sole discretion, to lower the fixed payment amount below the original payment amount. Notwithstanding any other provision contained in this agreement, in no event shall the provisions of this paragraph be applicable to any Promissory Note which requires disclosures pursuant to the Consumer Protection Act (Truth-in-Lending Act), 15 USC § 1601, et seq., as implemented by Regulation Z.

**1373WV** (0708)

Borrower agrees that the only interest charge is the interest actually stated in this Note, and that any loan or origination fee shall be deemed charges rather than interest, which charges are fully earned and non-refundable. It is further agreed that any late charges are not a charge for the use of money but are imposed to compensate Bank for some of the administrative services, costs and losses associated with any delinquency or default under this Note, and said charges shall be fully earned and non-refundable when accrued. All other charges imposed by Bank upon Borrower in connection with this Note and the loan including, without limitation, any commitment fees, loan fees, facility fees, origination fees, discount points, default and late charges, prepayment fees, statutory attorneys' fees and reimbursements for costs and expenses paid by Bank to third parties or for damages incurred by Bank are and shall be deemed to be charges made to compensate Bank for underwriting and administrative services and costs, other services, and costs or losses incurred and to be incurred by Bank in connection with this Note and the loan and shall under no circumstances be deemed to be charges for the use of money. All such charges shall be fully earned and non-refundable when due.

The Bank may, at its option, charge any fees for the modification, renewal, extension, or amendment of any of the terms of the Promissory Note(s) as permitted by applicable law.

In the words "Prime Rate", "Bank Prime Rate", "BB&T Prime Rate", "Bank's Prime Rate" or "BB&T's Prime Rate" are used in this Agreement, they shall refer to the rate announced by the Bank from time to time as its Prime Rate. The Bank makes loans both above and below the Prime Rate and uses indexes other than the Prime Rate. Prime Rate is the name given a rate index used by the Bank and does not in itself constitute a representation of any preferred rate or treatment.

Unless otherwise provided herein, it is expressly understood and agreed by and between Borrower(s), Debtor(s)/Grantor(s) and Bank that any and all collateral (including but not limited to real property, personal property, fixtures, inventory, accounts, instruments, general intangibles, documents, chattel paper, and equipment) given as security to insure faithful performance by Borrower(s) and any other third party of any and all obligations to Bank, however created, whether now existing or hereafter arising, shall remain as security for the Promissory Note as modified hereby.

It is understood and agreed that if Bank has released collateral herein, it shall not be required or obligated to take any further steps to release said collateral from any lien or security interest unless Bank determines, in its sole discretion, that it may do so without consequence to its secured position and relative priority in other collateral; and unless Borrower(s) bears the reasonable cost of such action. No delay or omission on the part of the Bank in exercising any right hereunder shall operate as a waiver of such right or of any other right of the Bank, nor shall any delay, omission or waiver on any one occasion be deemed a bar to or waiver of the same, or of any other right on any further occasion. Each of the parties signing this Agreement regardless of the time, order or place of signing waives presentment, demand, protest, and notices of every kind, and assents to any one or more extensions or postponements of the time of payment or any other indulgences, to any substitutions, exchanges or releases of collateral if at any time there is available to the Bank collateral for the Promissory Note, as amended, and to the additions or releases of any other parties or persons primarily or secondarily liable. Whenever possible the provisions of this Agreement shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Agreement prohibited by or invalid under such law, such provisions shall be ineffective to the extent of any such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Agreement. All rights and obligations arising hereunder shall be governed by and construed in accordance with the laws of the same state which governs the interpretation and enforcement of the Promissory Note.

From and after any event of default under this Agreement, the Promissory Note, or any related deed of trust, security agreement or loan agreement, interest shall accrue on the sum of the principal balance and accrued interest then outstanding at the variable rate equal to the Bank's Prime Rate plus 5% per annum ("Default Rate"), provided that such rate shall not exceed at any time the highest rate of interest permitted by the laws of the State of West Virginia; and further that such rate shall apply after judgement. In the event of any default, the then remaining unpaid principal amount and accrued but unpaid interest then outstanding shall bear interest at the Default Rate until such principal and interest have been paid in full. **Bank shall not be obligated to accept any check, money order, or other payment instrument marked "payment in full" on any disputed amount due hereunder, and Bank expressly reserves the right to reject all such payment instruments. Borrower agrees that tender of its check or other payment instrument so marked will not satisfy or discharge its obligation under this Note, disputed or otherwise, even if such check or payment instrument is inadvertently processed by Bank unless in fact such payment is in fact sufficient to pay the amount due hereunder.**

**WAIVER OF TRIAL BY JURY. UNLESS EXPRESSLY PROHIBITED BY APPLICABLE LAW, THE UNDERSIGNED HEREBY WAIVE THE RIGHT TO TRIAL BY JURY OF ANY MATTERS OR CLAIMS ARISING OUT OF THIS AGREEMENT, THE PROMISSORY NOTE OR ANY LOAN DOCUMENT EXECUTED IN CONNECTION HEREWITH OR OUT OF THE CONDUCT OF THE RELATIONSHIP BETWEEN THE UNDERSIGNED AND BANK. THIS PROVISION IS A MATERIAL INDUCEMENT FOR BANK TO MAKE THE LOAN EVIDENCED BY THE PROMISSORY NOTE AND THIS AGREEMENT. FURTHER, THE UNDERSIGNED HEREBY CERTIFY THAT NO REPRESENTATIVE OR AGENT OF BANK, NOR BANK'S COUNSEL, HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT BANK WOULD NOT SEEK TO ENFORCE THIS WAIVER OR RIGHT TO JURY TRIAL PROVISION IN THE EVENT OF LITIGATION. NO REPRESENTATIVE OR AGENT OF BANK, NOR BANK'S COUNSEL, HAS THE AUTHORITY TO WAIVE, CONDITION OR MODIFY THIS PROVISION.**

Unless otherwise required under a Loan Agreement, if applicable, and as long as any indebtedness evidenced by this Promissory Note, as modified by this Agreement remains outstanding or as long as Bank remains obligated to make advances, the undersigned shall furnish annually an updated financial statement in a form satisfactory to Bank, which, when delivered shall be the property of the Bank. Further, the undersigned agree to provide any and all documentation requested by the Bank in order to verify the identity of the undersigned in accordance with the USA Patriot Act.

## (SIGNATURES ON FOLLOWING PAGE)

1373WV (0708)

# BB&T

## NOTE MODIFICATION SIGNATURE PAGE

Borrower: _____AB & C GROUP INC_____

Account Number: _____9570257851_____    Note Number: _____00001_____

Modification Amount: _____1,653,582.00_____    Modification Date: _____02/14/2008_____

**Notice of Right to Copy of Appraisal:** If a 1-4 family residential dwelling is pledged as collateral for this Agreement, you, the undersigned, have a right to copy of the real estate appraisal report used in connection with your application for credit. You must forward your request to the Bank no later than 90 days after the date of this Agreement. In your request letter, please provide your name, mailing address, appraised property address, the date of this Agreement, and the account and note numbers shown on the front of this Agreement.

Witness the undersigned.

### If Borrower is a Corporation:

**WITNESS:**

_Dorothy M. Bentley_

_____    AB & C GROUP INC
                                        NAME OF CORPORATION

By: _Robert H._____

Title: _Chief Executive Officer_____

_____    By: _____

Title: _____

### If Borrower is a Partnership, Limited Liability Company, or Limited Liability Partnership:

**WITNESS:**

_____    NAME OF PARTNERSHIP, LLC, OR LLP

_____    By: _____
                                            GENERAL PARTNER OR MANAGER

                                        By: _____
                                            GENERAL PARTNER OR MANAGER

_____    By: _____
                                            GENERAL PARTNER OR MANAGER

### If Borrower is an Individual:

**WITNESS:**

_____    _____

### Additional Borrowers and Debtors/Grantors/Guarantors:

**WITNESS:**

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

**1373WV** (0708)

# BB&T

## GUARANTY AGREEMENT

**BRANCH BANKING AND TRUST COMPANY**
MARTINSBURG, WV

_____ 10/10/2006
Date

Dear Sirs:

As an inducement to Branch Banking and Trust Company ("Bank") to extend credit to and to otherwise deal with _____

AB & C GROUP, INC. _____ ("Borrower"), and in consideration thereof, the undersigned (and each of the undersigned jointly and severally if more than one) hereby absolutely and unconditionally guarantees to Bank and its successors and assigns the due and punctual payment of any and all notes, drafts, debts, obligations and liabilities, primary or secondary (whether by way of endorsement or otherwise), of Borrower, at any time, now or hereafter, incurred with or held by Bank, together with interest, as and when the same become due and payable, whether by acceleration or otherwise, in accordance with the terms of any such notes, drafts, debts, obligations or liabilities or agreements evidencing any such indebtedness, obligation or liability including all renewals, extensions and modifications thereof. The obligation of the undersigned is a guarantee of payment and not of collection. Time is of this essence under this Agreement.

The undersigned is Bank's debtor for all indebtedness, obligations and liabilities for which this Guaranty is made, and Bank shall also at all times have a lien on and security interest in all stocks, bonds and other securities of the undersigned at any time in Bank's possession and the same shall at Bank's option be held, administered and disposed of as collateral to any such indebtedness, obligation or liability of the Borrower, and Bank shall also at all times have the right of set-off against any deposit account of the undersigned with Bank in the same manner and to the same extent that the right of set-off may exist against the Borrower.

It is understood that any such notes, drafts, debts, obligations and liabilities may be accepted or created by or with Bank at any time and from time to time without notice to the undersigned, and the undersigned hereby expressly waives presentment, demand, protest, and notice of dishonor of any such notes, drafts, debts, obligations and liabilities or other evidences of any such indebtedness, obligation or liability.

Bank may receive and accept from time to time any securities or other property as a collateral to any such notes, drafts, debts, obligations and liabilities, and may surrender, compromise, exchange and release absolutely the same or any part thereof at any time without notice to the undersigned and without in any manner affecting the obligation and liability of the undersigned hereby created. The undersigned agrees that Bank shall have no obligation to protect, perfect, secure or insure any security interests, liens or encumbrances now or hereafter held for the indebtedness, obligations and liabilities for which this Guaranty is made.

This obligation and liability on the part of the undersigned shall be a primary, and not a secondary, obligation and liability, payable immediately upon demand without recourse first having been sought by Bank against the Borrower or any other guarantor, person, or entity, and without first resorting to any property held by Bank as collateral security. The undersigned hereby waives the benefit of all provisions of law, including but not limited to the provisions of the West Virginia Uniform Commercial Code for stay or delay of execution or sale of property or other satisfaction of judgment against the undersigned on account of the obligation and liability hereunder until judgment be obtained therefor against the Borrower and execution thereon returned unsatisfied, or until it is shown that the Borrower has no property available for the satisfaction of the indebtedness, obligation or liability guaranteed hereby, or until any other legal proceedings can be initiated or concluded. The undersigned hereby agrees to indemnify the Bank for all costs of collection, including but not limited to the costs of repossession, foreclosure, reasonable attorneys' fees, and court costs incurred by the Bank if permitted by law, in the event that the Bank should first be required by the undersigned to resort to any property held by the Bank or in which the Bank has a security interest or to obtain execution or other satisfaction of a judgment against the Borrower on account of Borrower's obligation and liability for its indebtedness guaranteed hereby. The undersigned further agrees that the undersigned is responsible for any obligation or debt, or portion thereof, of the Borrower to the Bank which has been paid by the Borrower to the Bank and which the Bank is subsequently required to return to the Borrower or a trustee for the Borrower in any bankruptcy or insolvency proceeding and the undersigned further agrees that none of the undersigned shall have any right of subrogation, reimbursement or indemnity whatsoever, nor any right of recourse to security for the debts and obligations of the Borrower to Bank unless and until all of the debts and obligations of the Borrower to Bank have been paid in full. The undersigned hereby waives, to the extent avoidable under any provision of the Bankruptcy Code, any right arising upon payment by the undersigned of any obligation under this Guaranty to assert a claim against the bankruptcy estate of the Borrower.

Check applicable box:

[X] This Guaranty is unlimited and applies to all indebtedness of Borrower, whether now existing or hereafter arising.

[ ] This Guaranty applies to all indebtedness of Borrower evidenced by its promissory note/line number _____ dated _____ (including all extensions, renewals, and modifications thereof) in the principal amount of $ _____ .

[ ] This Guaranty is limited to an amount of $ _____ plus accrued interest, late fees, costs of collection (including attorneys' fees if permitted by law) and all other obligations and indebtedness which may accrue or be incurred with respect to the Borrower's indebtedness and obligations to Bank.

To secure the payment of all obligations of the undersigned hereunder, the undersigned hereby grants a security interest and lien in the following personal property owned by the undersigned: _____

_____
_____
_____
_____ ("Collateral").

The undersigned hereby agrees to execute and deliver to Bank any security agreement, deed of trust, mortgage, UCC financing statement, or other document required by the Bank in order to protect its security interest or lien in the Collateral. This document shall constitute a security agreement under the Uniform Commercial Code of West Virginia ("Code"), and in addition to having all other legal rights and remedies, the Bank shall have all rights and remedies of a secured party under the Code.

_ACCOUNT# / NOTE#_
9570257851      00001

Initials: _____

**1457WV** (0604)

The undersigned agrees that the whole or any part of the security now or hereafter held for the indebtedness of Borrower may be exchanged, compromised, or surrendered from time to time; that the time or place of payment of the Borrower's indebtedness may be changed or extended, in whole or in part, to a time certain or otherwise, and may be renewed or accelerated, in whole or in part; that the Borrower may be granted indulgences generally; that any of the provisions of any Loan Agreement, Note, or any other documents executed by the Borrower may be modified, amended or waived; that any party liable for the payment thereof may be granted indulgences or released by Bank; that the bankruptcy of the Borrower shall not affect the continuing obligation of the undersigned; and that any deposit balance for the credit of the Borrower or any other party liable for the payment of the indebtedness or liable upon any security therefor may be released, in whole or in part, at, before and/or after the stated extended or accelerated maturity of the Borrower's indebtedness, all without notice to or consent of the undersigned, which shall remain bound therefor; notwithstanding any such exchange, compromise, surrender, extension, renewal, acceleration, modification or indulgence.

This agreement shall inure to the benefit of Bank, its successors and assigns, and the owners and holders of any of the indebtedness, obligations and liabilities hereby guaranteed, and shall remain in force until a written notice revoking it has been received by Bank; but such revocation shall not release the undersigned from liability to Bank, its successors and assigns, or the owners and holders of any of the indebtedness, obligations and liabilities hereby guaranteed, for any indebtedness, obligation or liability of the Borrower which is hereby guaranteed and then in existence or from any renewals, extensions or modifications thereof in whole or in part, whether such renewals, extensions or modifications are made before or after such revocation, with or without notice to the undersigned. The undersigned waives presentment, demand, protest and notices of every kind and assents to any one or more extensions, modifications, renewals or postponements of the time or amount of payment or any other indulgences given to Borrower. The undersigned shall be responsible for and shall reimburse the Bank for all costs and expenses (including reasonable attorneys' fees, if permitted by law) incurred by the Bank in connection with the enforcement of this Guaranty or the protection or preservation of any right or claim of the Bank in connection herewith, including without limitation costs and expenses incurred by the Bank in connection with its attempts to collect the indebtedness, obligations, and liabilities guaranteed hereby.

If the Borrower is a corporation, partnership, limited partnership, limited liability company, or limited liability partnership, this instrument covers all indebtedness, obligations and liabilities to Bank purporting to be made or undertaken on behalf of such corporation by any officer general partner, manager or agent of such entity without regard to the actual authority of such officer, general partner, manager or agent.

The undersigned covenants, warrants, and represents to the Bank that: (i) this guaranty is enforceable against the undersigned in accordance with its terms; (ii) the execution and delivery of this Guaranty does not violate or constitute a breach of any agreement to which the undersigned is a party; (iii) that there is no litigation, claim, action or proceeding pending or, to the best knowledge of the undersigned, threatened against the undersigned which would materially adversely affect the financial condition of the undersigned or his ability to fulfill his obligations hereunder; (iv) that the undersigned has knowledge of the Borrower's financial condition and affairs; and (v) unless otherwise required in a Loan Agreement, if applicable, as long as any Obligations remain outstanding or as long as Bank remains obligated to make advances, the undersigned shall furnish annually an updated financial statement in a form satisfactory to Bank, which, when delivered shall be the property of Bank.

This Guaranty is made in and shall be construed in accordance with the laws and judicial decisions of the State of West Virginia.The undersigned agrees that any dispute arising out of this Guaranty shall be adjudicated in either the state or federal courts of West Virginia and in no other forum. For that purpose, the undersigned hereby submits to the jurisdiction of the state and/or federal courts of West Virginia. The undersigned waives any defense that venue is not proper for any action brought in any federal or state court in the State of West Virginia.

WAIVER OF TRIAL BY JURY. UNLESS EXPRESSLY PROHIBITED BY APPLICABLE LAW, THE UNDERSIGNED HEREBY WAIVE THE RIGHT TO TRIAL BY JURY OF ANY MATTERS OR CLAIMS ARISING OUT OF THIS GUARANTY OR THE BORROWER'S NOTE(S), AND THE RELATED LOAN DOCUMENTS EXECUTED IN CONNECTION HEREWITH OR OUT OF THE CONDUCT OF THE RELATIONSHIP BETWEEN THE UNDERSIGNED AND THE BANK OR THE BORROWER AND THE BANK. THIS PROVISION IS A MATERIAL INDUCEMENT FOR BANK TO ACCEPT THIS GUARANTY AND TO MAKE THE LOAN(S) TO THE BORROWER. FURTHER, THE UNDERSIGNED HEREBY CERTIFY THAT NO REPRESENTATIVE OR AGENT OF BANK, NOR BANK'S COUNSEL, HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT BANK WOULD NOT SEEK TO ENFORCE THIS WAIVER OR RIGHT TO JURY TRIAL PROVISION IN THE EVENT OF LITIGATION. NO REPRESENTATIVE OR AGENT OF BANK, NOR BANK'S COUNSEL, HAS THE AUTHORITY TO WAIVE, CONDITION OR MODIFY THIS PROVISION.

# SIGNATURES ON FOLLOWING PAGE

Witness the signature of each of the undersigned.

**If Guarantor is a Corporation:**

WITNESS:

_____ BLUESKY BRANDS, INC.
                        NAME OF CORPORATION

_____ By: _____ (SEAL)
                        Philip Wax
                        Title: Chief Financial Officer _____

_____ By: _____ (SEAL)

                        Title: _____

**If Guarantor is a Partnership, Limited Liability Company, or Limited Liability Partnership:**

WITNESS:

_____ _____
                        NAME OF PARTNERSHIP, LLC, OR LLP

_____ By: _____
                        GENERAL PARTNER OR MANAGER  (SEAL)

_____ By: _____
                        GENERAL PARTNER OR MANAGER  (SEAL)

                        By: _____
                        GENERAL PARTNER OR MANAGER  (SEAL)

**If Guarantor is an Individual**

WITNESS:

_____ _____

**[Individual Acknowledgment]**

SEAL STAMP  STATE OF WEST VIRGINIA;
            COUNTY OF _____
            I, _____ a Notary Public, do hereby certify
            that _____
            personally appeared before me this day and acknowledged the foregoing instrument, this _____ day of
            _____, _____.

            My Commission Expires: _____  _____
                                                            NOTARY PUBLIC

**[Business Entity Acknowledgment]**

SEAL STAMP  STATE OF WEST VIRGINIA;
            COUNTY OF _____
            The foregoing instrument was acknowledged before me this _____ day of _____,
            _____, by _____
            as _____ on behalf of _____,
                        (title)
            a _____.
                (state of organization, form of entity)

            My Commission Expires: _____  _____
                                                            NOTARY PUBLIC

# Thomas & Libowitz, P.A.

A Professional Association founded in 1975

STEVEN ANARGYROS THOMAS+*
MICHAEL S. LIBOWITZ
ROBERT A. SNYDER, JR.
ROBERT J. LYNOTT+
JOHN R. WISE
CLINTON R. BLACK, IV
C. WAYNE DAVIS
FRANCIS R. LAWS
CHARLES B. JONES
LOUIS J. EBERT+ * ^
WILLIAM L. HALLAM+ " -

COUNSEL
BARRY D. BERMAN
DONNA K. SHOPULSKI

100 Light Street, Suite 1100 • Baltimore, MD  21202
Phone: (410) 752-2468 • Fax: (410) 752-2046

1105 Market Street, Suite 300 • Wilmington, DE  19801
Phone: (302) 261-2419 • Fax: (302) 351-4644

www.tandllaw.com

Writer's direct dial: (443) 927-2149
Writer's e-mail: whallam@tandllaw.com

MEMBERS
MARGARET L. ARGENT+
JOHN R. PALIGA** ~
LISA A. OLIVIERI
VASILIOS PEROS+

MATTHEW J. GALLAGHER
PAUL R. SCIUBBA+
MUNACHI O. NSOFOR^^
ANASTASIA E. THOMAS

ALSO MEMBER OF DC BAR  +
ALSO MEMBER OF VA BAR  *
ALSO MEMBER OF WV BAR  -
ALSO MEMBER OF PA BAR  "
ALSO MEMBER OF DE BAR  ^
ALSO MEMBER OF OH BAR  **
ALSO MEMBER OF TX BAR  ~
ALSO MEMBER OF NY BAR  ^^

June 6, 2008

**VIA CERTIFIED MAIL,**
**RETURN RECEIPT REQUESTED,**
**AND FIRST CLASS MAIL**

Bluesky Brands, Inc.
214 Lincoln Street
Suite 402
Allston, MA  02134

Re:  ***Obligations of AB&C Group, Inc. to Branch Banking & Trust Company***
Our File No. 101973.028

Gentlemen:

This firm represents Branch Banking & Trust Company (the "Bank") with respect to a line of credit in the maximum principal amount outstanding at any one time of Three Million Five Hundred Thousand Dollars ($3,500,000.00) (the "Line of Credit") extended by the Bank to AB&C Group, Inc. (the "Borrower") pursuant to a Promissory Note dated October 10, 2006, as modified by Note Modification Agreements dated April 15, 2007, July 17, 2007, December 19, 2007, and February 14, 2008, a Loan Agreement made as of October 10, 2006, and various loan documents relating thereto and executed in connection therewith (collectively, the "Loan Documents").  Pursuant to a Guaranty Agreement dated October 10, 2006 (the "Guaranty"), Bluesky Brands, Inc. (the "Guarantor") unconditionally guaranteed payment and performance of all obligations of the Borrower to the Bank, including those arising under the Loan Documents.

The Borrower is in default under the Loan Documents because it has failed to make payments due thereunder when and as due and because an order for relief under Chapter 7 of the United States Bankruptcy Code has been entered against it. Consequently, the Bank has elected to exercise its right to declare all amounts outstanding under the Loan Documents to be immediately due and payable.  As of June

Bluesky Brands, Inc.
June 6, 2008
Page 2

6, 2008, the balance due under the Loan Documents is as follows:

| | |
|---|---|
| Principal | $1,463,175.15 |
| Late Fees: | $    2,850.66 |
| Accrued and Unpaid Interest Through June 6, 2008: | $    48,152.69 |
| TOTAL: | $1,514,178.50 |

Interest accrues on the unpaid principal balance outstanding under the Loan Documents at the rate of One Hundred Ninety-Three Dollars and Five Cents ($193.05) per day after June 6, 2008. In addition, the Borrower and the Guarantor are obligated to pay all costs of collection, including reasonable attorneys' fees and expenses, incurred by the Bank in enforcing the Loan Documents.

The Bank demands that the Guarantor pay all amounts outstanding under the Loan Documents pursuant to the Guaranty. Payment of all amounts due under the Loan Documents must be remitted to the Bank by wire transfer, certified check, or cashier's check on or before 3:00 p.m. on June 13, 2008. Payment should be sent to the attention of John F. Beatty, Senior Vice President, Branch Banking & Trust Company, 148 South Queen Street, Martinsburg, West Virginia 25401. If the Guarantor does not satisfy its obligations under the Guaranty in full on or before 3:00 p.m. on June 13, 2008, the Bank will proceed to take appropriate action to enforce its available rights and remedies under the Guaranty and applicable law.

By refraining from taking action to enforce its available rights and remedies immediately, the Bank is not waiving any of its available rights or remedies. The collection of interest or acceptance by the Bank of partial payments (that is, less than the total amount due under the Loan Documents) shall not constitute a waiver of the Bank's demand for payment or a waiver of any of the Bank's other rights or remedies under the Loan Documents or applicable law. The Bank expressly reserves all of its available rights and remedies under the Loan Documents and applicable law.

Sincerely,

William L. Hallam

WLH:mac
cc:    John F. Beatty

♊JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Branch Banking and Trust Company | Bluesky Brands, Inc. |

| (b) County of Residence of First Listed Plaintiff   Wilson Co., NC | County of Residence of First Listed Defendant   Suffolk Co., MA |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| (c) Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Louis J. Ebert, Thomas & Libowitz, P.A., 1105 Market St., Ste 300, Wilmington, DE (302) 261-2419 | |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question (U.S. Government Not a Party)

☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☒ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1  Original Proceeding

☐ 2  Removed from State Court

☐ 3  Remanded from Appellate Court

☐ 4  Reinstated or Reopened

☐ 5  Transferred from another district (specify)

☐ 6  Multidistrict Litigation

☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332
Brief description of cause:
Suit on Guaranty of payment of Promissory Note

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ 1,516,495.10 | CHECK YES only if demanded in complaint: JURY DEMAND:  ☐ Yes  ☒ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See instructions): | JUDGE | DOCKET NUMBER |
|---|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 06/20/2008 | |

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse (Rev. 12/07)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII.     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.     **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.