**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

BRANCH BANKING AND TRUST COMPANY *
*
*
Plaintiff, * Case No. 1:08-cv-00375-GMS
*
v. *
*
BLUESKY BRANDS, INC. *
*
Defendant. *
*
***************************************************************************************************

**REQUEST FOR ENTRY OF DEFAULT AND**
**JUDGMENT BY DEFAULT**

Plaintiff, Branch Banking and Trust Company (the "Plaintiff"), by Louis J. Ebert of Thomas & Libowitz, P.A., its attorneys, requests that the Clerk: (a) enter the default of the Defendant, Bluesky Brands, Inc. ("Bluesky"), pursuant to Rule 55(a) of the Federal Rules of Civil Procedure; and (b) enter a judgment by default in favor of the Plaintiff and against Bluesky in the amount of: (1) One Million Four Hundred Sixty-Three Thousand One Hundred Seventy-Five Dollars and Fifteen Cents ($1,463,175.15); (2) late fees of Two Thousand Eight Hundred Fifty Dollars and Sixty-Six Cents ($2,850.66); (3) pre-judgment interest through August 25, 2008 in the amount of Sixty-Three Thousand Five Hundred Ninety-Six Dollars and Sixty-Nine Cents ($63,596.69); (4) pre-judgment interest at the rate of One Hundred Ninety-Three Dollars and Five Cents ($193.05) per day after August 25, 2008 to the date of entry of judgment; (5) post-judgment interest; and (6) costs pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, and for reasons states:

1. The Plaintiff filed this suit against Bluesky seeking a judgment for amounts

owed to the Plaintiff by Bluesky pursuant to a Guaranty Agreement dated October 10, 2006 (the "Guaranty").

2. As more fully appears from the Proof of Service filed in this case on July 22, 2008, Bluesky's registered agent for service of process, Corporation Service Company, was served with the Summons and Complaint in this case in the State of Delaware on July 1, 2008.

3. The twenty day period during which Bluesky was required to respond to the Complaint pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure expired on July 21, 2008.

4. As more fully appears from the docket entries in this case, Bluesky has failed to respond to the Complaint.

5. Rule 55(a) of the Federal Rules of Civil Procedure provides that "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."

6. Furthermore, Rule 55(b)(1) of the Federal Rules of Civil Procedure provides that "When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person."

7. Consequently, if the clerk enters Bluesky's default, the clerk may also enter a judgment by default against Bluesky if the Plaintiff's claim is for a sum certain or

for a sum which can by computation be made certain and an affidavit of the amount due is submitted.

8. Attached hereto as Exhibit A is an affidavit of John F. Beatty (the "Beatty Affidavit"), an officer of the Plaintiff reflecting the computation of the sum due under the Guaranty, excluding attorneys' fees.

9. Without waiving its claim for attorneys' fees if Bluesky contests the entry of judgment or if judgment by default is not entered and further legal services are required, in the interest of achieving finality in this case, if a judgment by default is entered against Bluesky for all principal, late fees, and interest due as reflected in the Beatty Affidavit plus costs, the Plaintiff will not pursue its claim against Bluesky for attorneys' fees in this case.

WHEREFORE, the Plaintiff requests that the clerk:

1. Enter the default of Bluesky; and

2. Enter a judgment by default in favor of the Plaintiff and against Bluesky in the amount of: (a) One Million Four Hundred Sixty-Three Thousand One Hundred Seventy-Five Dollars and Fifteen Cents ($1,463,175.15); (b) late fees of Two Thousand Eight Hundred Fifty Dollars and Sixty-Six Cents ($2,850.66); (c) pre-judgment interest through August 25, 2008 in the amount of Sixty-Three Thousand Five Hundred Ninety-Six Dollars and Sixty-Nine Cents ($63,596.69); (d) pre-judgment interest at the rate of One Hundred Ninety-Three Dollars and Five Cents ($193.05) per day after August 25, 2008 to the date of entry of judgment; (e) post-judgment interest; and (f) costs.

Respectfully submitted,

THOMAS & LIBOWITZ, P.A.

*/s/ Louis J. Ebert*
Louis J. Ebert, Esquire
Bar No. 4625
1105 Market Street
Suite 300
Wilmington, DE 19801
Phone: 302-261-2419

and

100 Light Street
Suite 1100
Baltimore, MD 21202
Phone: 443-927-2116
Fax: 410-752-0979

Attorneys for Plaintiff

Dated: August 29, 2008

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on this 29th day of August, 2008, a copy of the foregoing Request for Entry of Default and Judgment By Default with supporting Affidavit were served via first class mail, postage prepaid, on Corporation Service Company, Registered Agent for Bluesky Brands, Inc., 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

*/s/ Louis J. Ebert*
Louis J. Ebert

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

BRANCH BANKING AND TRUST COMPANY

Plaintiff,

v.

BLUESKY BRANDS, INC.

Defendant.

Case No. 1:08-cv-00375-GMS

**AFFIDAVIT IN SUPPORT OF**
**REQUEST FOR ENTRY OF DEFAULT AND**
**JUDGMENT BY DEFAULT**

I, John F. Beatty, solemnly affirm under the penalties of perjury that the contents of this Affidavit are true to the best of my knowledge, information and belief:

1. I am a Senior Vice President and City Executive of the Plaintiff, Branch Banking and Trust Company. I am over eighteen years of age and am competent to testify to the matters stated herein.

2. Bluesky Brands, Inc. ("Bluesky") unconditionally guaranteed the payment and performance of the obligations of AB&C Group, Inc. (the "Borrower") to the Plaintiff pursuant to a Guaranty Agreement dated October 10, 2006 (the "Guaranty"). A true and accurate copy of the Guaranty is attached hereto as Exhibit A.

3. The Borrower is indebted to the Plaintiff pursuant to a Promissory Note dated October 10, 2006 (the "Initial Note"), as modified by Note Modification Agreements dated: (a) April 15, 2007 ("April Extension"); (b) July 17, 2007 ("July Extension"); (c) December 19, 2007 ("December Extension"); and (d) February 14, 2008



**EXHIBIT A**

("February Extension"). A true and accurate copy of the Initial Note is attached hereto as Exhibit B. A true and accurate copy of the April Extension is attached hereto as Exhibit C. A true and accurate copy of the July Extension is attached hereto as Exhibit D. A true and accurate copy of the December Extension is attached hereto as Exhibit E. A true and accurate copy of the February Extension is attached hereto as Exhibit F. The Initial Note, as modified by the April Extension, the July Extension, the December Extension, and the February Extension, shall be referred to as the "Note."

4. The Borrower has defaulted under the Note by failing to pay amounts due thereunder when and as due and by having an order for relief under Chapter 7 of the United States Bankruptcy Code entered against it by the United States Bankruptcy Court for the Northern District of West Virginia.

5. As a result of the Borrower's defaults, the Plaintiff has exercised its right to declare all amounts outstanding under the Note to be immediately due and payable.

6. By letter dated June 6, 2008 (the "Demand Letter"), the Plaintiff demanded that Bluesky satisfy its obligations to the Plaintiff under the Guaranty on or before June 13, 2008. A true and accurate copy of the Demand Letter is attached hereto as Exhibit G.

7. Bluesky has not satisfied its obligations to the Plaintiff under the Guaranty.

8. As of August 25, 2008, the balance due under the Guaranty is One Million Five Hundred Twenty-Nine Thousand Six Hundred Twenty-Two Dollars and Fifty Cents ($1,529,622.50) consisting of: (a) principal of One Million Four Hundred Sixty-Three Thousand One Hundred Seventy-Five Dollars and Fifteen Cents ($1,463,175.15); plus (b) late fees of Two Thousand Eight Hundred Fifty Dollars and Sixty-Six Cents

($2,850.66); plus (c) interest through August 25, 2008 in the amount of Sixty-Three Thousand Five Hundred Ninety-Six Dollars and Sixty-Nine Cents ($63,596.69). Interest accrues on the unpaid principal balance at the rate of One Hundred Ninety-Three Dollars and Five Cents ($193.05) per day after August 25, 2008.

9. Bluesky: (a) is not in the military service of the United States of America; (b) is not in the military service of any nation allied with the United States of America; (c) has not been ordered to report for induction under the Selective Training Service Act of 1940; and (d) is not a member of the enlisted reserve corps who has been ordered to report for military service. The reasons and facts upon which I rely in making this assertion are that Bluesky is a corporation and not a natural person eligible for military service.

Date: August 25, 2008

JOHN F. BEATTY

## ACKNOWLEDGEMENT

STATE OF WEST VIRGINIA, COUNTY OF Berkeley, TO WIT:

I HEREBY CERTIFY, that on this 25th day of August, 2008, before me, the subscriber, a Notary Public of the State of West Virginia, personally appeared John F. Beatty, known to me or satisfactorily proven to be the person whose name is subscribed above, and declared and acknowledged under oath, subject to the penalties of perjury, that the matters and facts set forth herein are true, accurate and complete to the best of his knowledge, information and belief.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
DARLA J. GROVE
481 RAILROAD DRIVE
[illegible], WV 25404
My commission expires March 19, 2015

NOTARY PUBLIC

My Commission Expires: March 19, 2015